441 F.2d 584
 UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel Charles METHVIN, Defendant-Appellant.
No. 30727 Summary Calendar.*
*Rule 18, 5th Cir.; See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 April 9, 1971.
 
 A. J. McNamara, Ct. Apptd., New Orleans, La., for defendant-appellant.
 Gerald J. Gallinghouse, U.S. Atty., Patrick C. McGinity, Daniel J. Markey, Jr., Asst. U.S. Attys., New Orleans, La., for the United States.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Samuel Charles methvin and malcolm Lewis McEwen were charged in a one count indictment with armed robbery of a federally insured bank in violation of 18 U.S.C. 2113(a)[1] and (d);[2] Methvin was also charged with violating 18 U.S.C. 2.[3] McEwen pleaded guilty. Methvin, proceeding to trial on a plea of not guilty, was found not guilty of the 2113(d) charge but was convicted of the lesser-included offense of bank robbery without the use of a dangerous weapon. Methvin appeals, and we affirm.
 
 
 2
 In this appeal Methvin assumes the rather unusual posture, for a defendant, of complaining of the giving of a lesser-included offense instruction, an instruction that usually inures to the benefit of a defendant. Specifically, he contends that since there was no factual dispute that McEwen utilized a pistol to rob the bank, the trial judge erred in instructing the jury that if it found Methvin not guilty of the crime charged in the indictment (armed bank robbery), it should then determine whether he was guilty 'of the lesser-included offense of robbery of a bank, without either committing an assault or putting in jeopardy the life of another by the use of a dangerous weapon.' Methvin's position is that he should either have been convicted of the crime charged in the indictment or set free. We find no merit in this contention.
 
 
 3
 Rule 31(c) of the Federal Rules of Criminal Procedure provides in relevant part that the 'defendant may be found guilty of an offense necessarily included in the offense charged.' The Supreme Court has stated that a lesser-included offense instruction is proper where there is a disputed issue of fact '* * * which would enable the jury rationally to find that, although all the elements of * * * (the charged greater offense) have not been proved, all the elements of one or more lesser offenses have been * * *.' Sansone v. United States, 380 U.S. 343, 451, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965). See Driscoll v. United States, 1st Cir. 1966, 356 F.2d 324.
 
 
 4
 In the instant matter Methvin, through his own testimony as well as that of his witnesses, asserted that he had no knowledge either that the bank was to be robbed or that a pistol was to be used in the robbery. While it may be true, then, that there existed no factual dispute that McEwen took the money at gunpoint, it is clear that Methvin's knowledge of that fact was in dispute. Consequently, the jury could rationally have determined that while Methvin, who waited in the car while McEwen stepped into the bank, did participate in the robbery, his intent to participate was formed and the offense completed without his knowing that a pistol would be used in the process. In light of this disputed fact we believe the judge was warranted in giving the lesser-included offense instruction. Accordingly, we affirm.
 
 
 5
 Affirmed.
 
 
 
 [1]
 18 U.S.C. 2113(a) provides:
 2113. Bank robbery and incidental crimes
 (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
 Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny--
 Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.
 
 
 [2]
 18 U.S.C. 2113(d) provides:
 (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.
 
 
 [3]
 18 U.S.C.A. 2 provides:
 (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
 (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.