**Weldon Kelley LORRAINE, Appellant,**

v.

**UNITED STATES of America et al.,
Appellees.**

No. 71–1069.

United States Court of Appeals,
Tenth Circuit.

June 18, 1971.

Weldon Kelley Lorraine, pro se.

C. Nelson Day, U. S. Atty. and Glenn J. Mecham, Asst. U. S. Atty., Salt Lake City, Utah.

Before PICKETT, BREITENSTEIN and McWILLIAMS, Circuit Judges.

PER CURIAM.

Lorraine was sentenced to a term of imprisonment on June 9, 1970, after his conviction by a jury of bank robbery, 18 U.S.C. § 2113. We were without jurisdiction to entertain his direct appeal because of an untimely notice of appeal. United States v. Lorraine, No. 666–70, unpublished (10th Cir. March 30, 1971). An opinion affirming on direct appeal the conviction of two co-defendants is being filed with this opinion. See United States of America v. Lujan, 444 F.2d 103 (10th Cir. 1971).

1

**2**

By motion pursuant to 28 U.S.C. § 2255, Lorraine alleged that he had been denied adequate assistance of counsel at trial, and challenged the court's instructions to the jury and the sufficiency of the evidence. Relief was denied without a hearing. The court held that the bare conclusionary statements without factual allegations cannot avail against the court's observation at the trial of the representation of the defendant by his counsel. Under the circumstances of this case, we agree.

Lorraine's attack on his trial representation is directed to counsel's failure to file certain motions, that he committed tactical errors, that he lost interest in the case for personal and financial reasons, and that he failed to interview witnesses with evidence favorable to Lorraine without specifying the content of the alleged favorable evidence.

■ As noted by the district court, these claims are conclusionary statements with no supporting factual allegations and therefore insufficient. See Atkins v. Kansas, 386 F.2d 819 (10th Cir. 1967) and Martinez v. United States, 344 F.2d 325 (10th Cir. 1965).

We recently held that the competency and qualification of a lawyer before the court are a matter of which the trial court had judicial knowledge and of which it could take judicial notice. Mitchell v. United States, 432 F.2d 94 (10th Cir. 1970).

■ The burden on an appellant to establish a claim of ineffective assistance is heavy, and neither hindsight nor success is the measure. Ellis v. Oklahoma, 430 F.2d 1352 (10th Cir. 1970). It does not mean victorious or flawless counsel. Brady v. United States, 433 F.2d 924 (10th Cir. 1970). The representation must have been such as to make the trial a mockery, sham, or farce, Basker v. Crouse, 426 F.2d 531 (10th Cir. 1970), or resulted in the deprivation of constitutional rights. Kienlen v. United States, 379 F.2d 20 (10th Cir. 1967); Criser v. United States, 319 F.2d 849 (10th Cir. 1963). The instant allegations do not meet these tests.

■ Lorraine challenges the sufficiency of the evidence. The question is not whether the evidence was sufficient, in a collateral attack, but whether the verdict of guilty was so devoid of evidentiary support as to raise a due process issue. Johnson v. Turner, 429 F.2d 1152 (10th Cir. 1970); Mathis v. Colorado, 425 F.2d 1165 (10th Cir. 1970); Martinez v. Patterson, 371 F.2d 815 (10th Cir. 1966); Hall v. Crouse, 339 F.2d 316 (10th Cir. 1964), cert. denied 381 U.S. 941, 85 S.Ct. 1777, 14 L.Ed.2d 704 (1965). We have the trial transcript before us and are satisfied that there is ample evidentiary support.

■ Finally, collateral relief is not available to set aside a conviction on the basis of erroneous jury instructions unless the error had such an effect on the trial as to render it so fundamentally unfair that it constitutes a denial of a fair trial in a constitutional sense. Linebarger v. Oklahoma, 404 F.2d 1092 (10th Cir. 1968), cert. denied 394 U.S. 938, 89 S.Ct. 1218, 22 L.Ed.2d 470 (1969). See also Ortiz v. Baker, 411 F.2d 263 (10th Cir. 1969), cert. denied 396 U.S. 935, 90 S.Ct. 279, 24 L.Ed.2d 234 (1969); Martinez v. Patterson, supra; Poulson v. Turner, 359 F.2d 588 (10th Cir. 1966), cert. denied 385 U.S. 905, 87 S.Ct. 219, 17 L.Ed.2d 136 (1966); Hilliard v. United States, 345 F.2d 252 (10th Cir. 1965); Carrillo v. United States, 332 F.2d 202 (10th Cir. 1964).

This case was assigned to the summary calendar upon docketing in this court and Lorraine was informed that he could submit papers addressing the underlying merits, which he has not done. Nonetheless, we have carefully and thoroughly reviewed the files and records in this cause and are convinced that the judgment of the district court was correct

Accordingly, we affirm.