UNITED STATES of America,
Plaintiff-Appellee,

v.

Rubel Clovis LUJAN and Milo Arthur
Lujan, Defendants-Appellants.

Nos. 574–70, 575–70.

United States Court of Appeals,
Tenth Circuit.

June 18, 1971.

Glenn J. Mecham, Asst. U. S. Atty. (C. Nelson Day, U. S. Atty., on the brief), for plaintiff-appellee.

David J. Carey, Denver, Colo., for defendants-appellants.

Before BREITENSTEIN, ALDI-SERT,* and McWILLIAMS, Circuit Judges.

PER CURIAM.

Rubel Clovis Lujan, Milo Arthur Lujan, and three others were jointly indict-ed, tried, and convicted of bank robbery in violation of 18 U.S.C. § 2113. Another defendant, Weldon Kelley Lorraine, filed an untimely notice of appeal which we declined to consider because of lack of jurisdiction. Lorraine then sought relief under 28 U.S.C. § 2255. It was denied and an appeal taken. Lorraine's appeal was submitted to another panel of this court and an opinion affirming the district court is filed along with this opinion in the Lujan direct appeals. See Lorraine v. United States, 10 Cir., 444 F.2d 1.

The Lujans say that their motion for judgment of acquittal should have been granted. The point is not before us because the record in their cases does not contain a transcript of the evidence. That transcript has eeen filed in the Lorraine appeal and we have examined it. The Lujans do not assert in what particulars the record is deficient. We have examined the transcript presented in the Lorraine appeal and are convinced that the evidence is sufficient to sustain the convictions.

■ The main thrust of the appeals now before us is against the instructions of the court. Two accomplices testified at the trial. The Lujans say that the court did not instruct the jury on the suspect character of accomplice testimony. The short answer is that the court told the jury that accomplice testimony "is always to be received with caution and weighed with great care." This satisfies the requirements of our decisions in Butler v. United States, 10 Cir., 408 F.2d 1103, 1105, and United States v. Reid, 10 Cir., 437 F.2d 94, 95.

■ The instructions on circumstantial and direct evidence were in accord with the admonitions found in Holland v. United States, 348 U.S. 121, 139–140, 75 S.Ct. 127, 99 L.Ed. 150. The court's comments on the evidence were well within the rule that such comments are proper if the fact issues are left for jury determination. Massey v. United States, 10 Cir., 358 F.2d 782, 787, cert.

* Of the Fifth Circuit, sitting by designation.

denied 385 U.S. 878, 87 S.Ct. 159, 17 L. Ed.2d 105. See also United States v. Harris, 10 Cir., 441 F.2d 1333. We have read the complete instructions and are convinced that they were eminently fair, legally accurate, and well within judicial discretion.

The judgments are severally affirmed.