**UNITED STATES of America, Appellee,**

v.

**William Lloyd FERREIRA, Defendant, Appellant.**

**No. 79–1487.**

United States Court of Appeals, First Circuit.

Argued April 10, 1980.

Decided July 22, 1980.

Harry C. Mezer, Boston, Mass., with whom John Wall, Boston, Mass., by appoint-

---

ment of the Court, and Cullen & Wall, Boston, Mass., were on brief, for appellant.

Robert B. Collings, First Asst. U. S. Atty., Chief, Criminal Division, Boston, Mass., with whom Edward F. Harrington, U. S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, BOWNES, Circuit Judge, and LOUGHLIN,* District Judge.

LOUGHLIN, District Judge.

The instant action is an appeal from a conviction in the United States District Court for the District of Massachusetts for armed robbery, in violation of 18 U.S.C. § 2113. The case was heard by Judge Robert E. Keeton upon remand of the case from this Court's reversal of the judgment of conviction. See *United States v. Hickey*, 596 F.2d 1082 (1st Cir. 1979), *cert. denied* 444 U.S. 853, 100 S.Ct. 107, 62 L.Ed.2d 70. Two issues are presented to this Court on appeal: 1. whether the District Court erred in instructing the jury, over defense counsel's objection, concerning the lesser included offense of unarmed bank robbery and 2. whether the District Court erred in denying the defendant's motion to dismiss on the grounds of alleged failure to provide Jencks Act material and exculpatory evidence.

I. Defendant-appellant contends that the Court erred in instructing the jury concerning the lesser included offense of unarmed robbery in that the element distinguishing the two offenses, that is the use a weapon or the knowledge that a weapon would be used, was not in dispute. Appellant states that in the instant case, there was no impeachment or contradiction of the testimony that a weapon was used. The appellee contends that there was a disputed factual element which the jury was required to resolve which was not required for a conviction of the lesser-included offense. It is the appellee's contention that the jury could have rationally determined that the Government proved beyond a rea-

sonable doubt that the defendant-appellant was one of the robbers, but failed to prove beyond a reasonable doubt either that he knew that a gun would be used or that it was likely that a gun would be used or that the gun was in fact a dangerous weapon.

The basic principles controlling whether or not a lesser-included offense charge should be given in a particular case were outlined by the Supreme Court in *Sansone v. United States*, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965):

> Rule 31(c) of the Federal Rules of Criminal Procedure provides, in relevant part, that the "defendant may be found guilty of an offense necessarily included in the offense charged". Thus, "[i]n a case where some of the elements of the crime charged themselves constitute a lesser crime, the defendant, if the evidence justifie[s] it . . . [is] entitled to an instruction which would permit a finding of guilt of the lesser offense." *supra*, 349, 85 S.Ct. 1009.

This court has stated that there are two prerequisites necessary for the giving of a lesser-included offense instructions: one, that a factual dispute exists and, two, that a finding contrary to the only evidence on the issue would not be irrational. *Driscoll v. United States*, 356 F.2d 324, 327 (1st Cir. 1966). The questions before the Court today then are: was there a disputed factual element which the jury was required to resolve which was not required for conviction of the lesser-included offense. And, could the jury rationally have reached a finding contrary to the only evidence on the disputed issue of fact? It is clear that if on the facts of this case there are disputed issues of fact which would enable the jury rationally to find that although all the elements of the greater offense, 18 U.S.C. § 2113(d), armed bank robbery, have not been proved, but all the elements of the lesser offense of 18 U.S.C. § 2113(a), of unarmed bank robbery have been proved then a lesser-included offense instruction was proper. See *Sansone v. United States*,

---

* Of the District of New Hampshire, sitting by designation.

380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965). This Court holds that a disputed factual element existed based on the evidence; a finding by the jury that defendant Ferreira either did not know that a gun would be used or that it was likely that a gun would be used would not be irrational. For the defendant to be found guilty of armed as opposed to unarmed robbery, it must be shown that he knew that the sawed-off shotgun would be used or that he at least had knowledge of the likelihood of its use. See *United States v. Sanborn*, 563 F.2d 488, 491 (1st Cir. 1977).

In the instant case, witnesses to the robbery testified that:

> two men entered the Hancock Bank wearing ski masks. One of them was wearing high-topped white sneakers and the other a dark jacket; one carried a sawed-off shotgun; the other jumped over the tellers' counter and stuffed money from the drawers into a blue hockey-type bag with white lettering. One of the men called out, "have a Merry Christmas" as they left the bank; they escaped in a yellow car with Massachusetts registration number 966–668.

*United States v. Hickey*, 596 F.2d 1082, 1084 (1st Cir. 1979). The Government's evidence proved or tended to prove that while three persons participated in the robbery only two entered the bank while the third person remained in the car. There was undisputed evidence that only one weapon was used and that this weapon was carried by the robber who remained in the lobby area while the second robber jumped over the counter and took money from the drawers. Evidence was presented from which the jury could find that defendant Ferreira was the person who vaulted the counter unarmed while Robert Hickey held the shotgun and an accomplice named Lynch drove the getaway car. The defendant's liability for conviction of the greater offense, then, was based on his conviction in the acts of Hickey. In order for the jury to convict appellant of the greater offense it had to find that the appellant was aware that one of his accomplices would be likely to use a dangerous weapon.

The appellant who was here convicted of the greater offense, is in the unusual position for a defendant of complaining of the giving of a lesser-included offense instruction. The evidence that appellant knew that a dangerous weapon would be used was entirely circumstantial; the jury was presented with two competing rational inferences which could be drawn from the events that occurred on the bank floor. The district court, therefore, had to instruct the jury that in order to convict on 18 U.S.C. § 2113(d), they must be satisfied that the government proves beyond a reasonable doubt that the defendant knew that his accomplice was going to use or was likely to use a dangerous weapon. Once this was given, the charge as to the lesser included offense was necessary. A similar position was adopted by the defendant Methvin in *United States v. Methvin*, 441 F.2d 584 (5th Cir. 1971). In *Methvin*, however, the defendant was found not guilty on the 18 U.S.C. § 2113(d) charge, but was convicted of the 18 U.S.C. § 2113(a) charge, that is the lesser included offense of bank robbery without the use of a dangerous weapon. As in the instant case, there was no factual dispute that Methvin's partner utilized a pistol to rob the bank. The Court stated in *Methvin:*

> While it may be true, then, that there existed no factual dispute that McEwen took the money at gunpoint, it is clear that Methvin's knowledge of that fact was in dispute. Consequently, the jury could rationally have determined that while Methvin, who waited in the car while McEwen stepped into the bank, did participate in the robbery, his intent to participate was formed and the offense completed without his knowing that a pistol would be used in the process. In light of this disputed fact we believe the judge was warranted in giving the lesser-included offense instruction. Accordingly, we affirm. *supra*, 586.

We find in the instant case that as in *Methvin*, appellant's knowledge of the use of a dangerous weapon by Hickey was in dispute and that the jury on the basis of the

evidence could rationally have determined that the defendant-appellant did not know that the shotgun would be used or did not have knowledge of the likelihood of its use. The District Court did not err in instructing the jury with respect to the lesser included offense of unarmed robbery (18 U.S.C. § 2113(a)). Even if there were error, appellant could not have been hurt by the lesser offense instruction, since the jury convicted on the greater. In effect, if there were error, the judge merely gave the jury a more lenient option than was warranted and the jury rejected it. *Compare United States v. Harary*, 457 F.2d 471 (2d Cir. 1972).

■ II. The second issue before the court is whether the district court erred in denying the defendant's motion to dismiss on the grounds of alleged failure to provide Jencks Act material and exculpatory evidence. The evidence consists of statements which were taken from the witness, Michael McDonough, during his first contact with the F.B.I. They referred to events which had occurred on January 20, 1977 and February 14, 1977. The defendant alleges that in the statements the witness, McDonough, improperly identified defendant, Hickey, as one of the participants in another robbery which had taken place on January 20, 1977 approximately two weeks before the alleged crime was committed in the instant action. The appellant argues that these statements reflected the critical witness' substantially contemporaneous improper identification. The appellant thus argues that the statement should be produced either under the Jencks Act (18 U.S.C. § 3500) or *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

The appellant submits that the prosecutor failed to produce critical statements in a timely manner. The statements were not produced during the first trial. During the second trial, after a demand was made for the statements, statements made by the witness were delivered to the trial judge for inspection pursuant to 18 U.S.C. § 3500(c). After the inspection, the materials were delivered to the defense. The witness was then recalled for further cross-examination and the appellant was given an opportunity to cross-examine the witness on the basis of the statements that he made with respect to the events occurring on January 20, 1977 and February 14, 1977.

The appellee contends that the statements made with respect to the events occurring on January 20 and February 14 had nothing to do with the defendant nor in any way indicated that the defendant was not guilty of the crime with which he was charged, and therefore it did not have the duty to provide the defense with statements with respect to events occurring on those days. The appellee states also that since the witness, McDonough, did not testify on direct examination to events occurring on January 20, 1977 or on February 14, 1977 there was no obligation under the Jencks Act to produce the statements of witness relating to those dates. The appellee also points out that at the time of the first trial, the appellant's counsel knew of other statements by the witness, McDonough, but never sought their disclosure. (The witness was cross-examined at the first trial as to matters occurring on those dates, including the fact that he had given statements to the F.B.I. as to events occurring on those two dates.) When the specific demand was made at the second trial for the witness' statements about events occurring on January 20 and February 14, the material was turned over to the defense.

The duty of the prosecutor to provide *Brady* material, that is statements of an "obviously exculpatory character", was defined by the court in *United States v. Agurs*, 427 U.S. 97, 106–107, 96 S.Ct. 2392, 2398–99, 49 L.Ed.2d 342 (1976). The court in *Agurs* determined that there were two factors which defined the duty of the prosecutor: 1. whether the request for the materials was specific or general and 2. their materiality. If the request for *Brady* material is general in nature, as it initially was in the instant case, looking to the materiality of the evidence "the prosecutor will not have violated his constitutional duty of disclosure unless his omission is of sufficient

significance to result in the denial of the defendant's right to a fair trial." *Agurs, supra,* 427 U.S. 108, 96 S.Ct. 2400; *United States v. Mackey,* 571 F.2d 376, 388 (7th Cir. 1978). In the instant action, the prosecutor's omission was not of sufficient significance to result in the denial of the defendant's right to a fair trial. Thus, the prosecutor did not violate his constitutional duty of disclosure.

The prosecutor also did not violate the Jencks Act, 18 U.S.C. § 3500, in failing to produce the statements prior to the specific demand.

Section (b) of the Act states:

After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

In determining whether the statements in question relate to the direct testimony of the witness, the key question is whether the information contained in the statements "relate generally to the events and activities testified to" by the witness. *United States v. O'Brien,* 444 F.2d 1082, 1086 (7th Cir. 1971); *United States v. Derrick,* 507 F.2d 868, 871 (4th Cir. 1974); *United States v. Mackey,* 571 F.2d 376, 389 (7th Cir. 1978). "If the statement relates to the general context of the testimony of the witness, it is not the prerogative of the Government nor even the court to pass upon the relevancy or utility of the statement." *Derrick, supra,* at 871.

In the instant action the witness did not testify on direct examination as to events occurring on January 20, 1977 or February 14, 1977 thus the statements relating to events which occurred on those days did not relate to the general context of the testimony. The court is not presented here with the situation which occurred in *United States v. Derrick, supra,* where the statements were found to relate to a continuous course of conduct of the defendants and witness rather than three separate conspiracies.

In the instant action, the defendant-appellant, Ferreira, was not involved in the events which occurred on January 20 and February 14. The court thus finds no Jencks Act violation. The court finds, as well, no evidence of prosecutorial misconduct. The district court did not err in denying the defendant's motion to dismiss on the grounds of alleged failure to provide Jencks Act material and exculpatory evidence. This court affirms the trial court on both the first and second issues presented to it today.

*Affirmed.*