David Allen SMITH, Plaintiff,

v.

Gene WELLS, Larry Meachum, Jan Eric Cartwright and Joy Kirkpatrick, Defendants.

No. CIV–80–1192–D.

United States District Court, W. D. Oklahoma.

Oct. 23, 1980.

David Allen Smith, pro se.

## OPINION AND ORDER

DAUGHERTY, Chief Judge.

Plaintiff was arrested in Poteau, Oklahoma as a fugitive from justice from the State of Arkansas. After federal authorities obtained temporary custody of him pursuant to a writ of habeas corpus ad prosequendum, plaintiff pled guilty in this court to violating 18 U.S.C. § 2313 and was sentenced to imprisonment for a term of three years. It was ordered that the sentence "run consecutive to any time due to the State of Oklahoma." Plaintiff was thereafter released to Oklahoma County authorities, also pursuant to a writ. Following pleas of guilty to two charges of Concealing Stolen Property, he was sentenced in Oklahoma County District Court to two concurrent two-year sentences, the first year to be served and the second to be suspended. United States Marshals then took custody of plaintiff and returned him to State authorities in Poteau, Oklahoma. In the interim, the charge upon which he was originally arrested had been dismissed. Plaintiff was thereafter surrendered to the United States Marshals and subsequently committed to the Federal Correctional Institution in El Reno, Oklahoma. Federal correctional authorities later concluded that plaintiff should have served his State sentence before serving his federal sentence and so notified the Oklahoma Department of Corrections in an effort to transfer custody of plaintiff to State authorities. He has now apparently been taken into State custody and has begun service of the concurrent sentences imposed by the Oklahoma County District Court.

This is the fourth action filed in this court by plaintiff based upon the foregoing fact situation. The first, CIV–79–914–D, was an action for injunctive relief which was dismissed on December 31, 1979. The second, CIV–80–103–D, was a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which was dismissed on February 7, 1980, largely for the reasons given for the dismissal of the earlier action. The third, CIV–80–523–W, was a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, attacking the State judgment and sentence which had not as yet been served. This petition was denied on September 19, 1980.

Plaintiff has now filed a civil rights complaint pursuant to 42 U.S.C. § 1983, invoking the jurisdiction of this court pursuant to 28 U.S.C. § 1343(3). He names as defendants the Sheriff of Oklahoma County, Oklahoma, the Director of the Oklahoma Department of Corrections, the Attorney General of the State of Oklahoma and an employee of the Department of Corrections.

In the single count of his complaint, plaintiff asserts that he has been denied due process of law by not being required to serve the first year of the two-year sentences imposed by the Oklahoma County District Court immediately upon their entry. He asserts that this court's orders in CIV–79–914–D and CIV–80–103–D support his contention by establishing that the State of Oklahoma had primary custody rights to him. He further asserts that officials at the Federal Correctional Institution notified Oklahoma authorities on numerous occasions to take custody of him and that

they failed to do so until very recently. As a result, he contends that his State sentences have now been served and that the State has no further claim upon him.

The provisions of 42 U.S.C. § 1983, originally enacted as a part of the Civil Rights Act of 1871, are in material part as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . . "

In CIV–79–914–D, plaintiff sought an order preventing federal authorities from transferring him to State custody. He urged that he should be held in federal custody until the completion of his federal sentence and, in addition, that such an order would permit him to exhaust his State court remedies. He then had an application for post-conviction relief pending in the District Court of Oklahoma County. This court declined to enter the order sought by plaintiff. It was concluded that the State of Oklahoma had primary custody rights over plaintiff, but that since he was originally arrested in one political subdivision of the State and later tried and sentenced in another, State authorities had mistakenly turned plaintiff over to federal authorities for the service of his federal sentence. Cases relied upon by plaintiff for the proposition that, once commenced, a federal sentence must be served continuously and without interruption were found to be cases where the prisoner was released from custody either by mistake or upon execution of a writ to another sovereignty, and where no effort was made to correct the mistake or reacquire custody of the prisoner for a substantial period of time. In those circumstances, where the prisoner was freed or had a reasonable expectation of freedom and had attempted to re-establish himself in the community, and where the interruption of his sentence was through no fault of his own, it had been held that the sentence continued to run although not in federal custody. *White v. Pearlman,* 42 F.2d 788 (10th Cir. 1930); *Lanier v. Williams,* 361 F.Supp. 944 (E.D.N.C.1973).

Relying on *Cox v. United States,* 551 F.2d 1096 (7th Cir. 1977), *United States v. Liddy,* 510 F.2d 669 (D.C.Cir.1974), *cert. denied,* 420 U.S. 980, 95 S.Ct. 1408, 43 L.Ed.2d 661 (1975); and *Lionel v. Day,* 430 F.Supp. 384 (W.D.Okl.1976), this court held that the circumstances which obtained in *Pearlman* and other cases cited by plaintiff were not present and that in the circumstances plaintiff was not entitled to an order requiring that he be permitted to serve his federal sentence without interruption.

In CIV–80–103–D, plaintiff basically reasserted the allegations contained in his previous petition for injunctive relief and, in addition, attached to his petition an order of the Oklahoma County District Court denying his application for post-conviction relief in the two Oklahoma County cases. That order concluded that the State of Oklahoma had jurisdiction to impose the sentences upon plaintiff in those cases, and did not address the issue of forfeiture or surrender of jurisdiction which plaintiff asserted was raised by him in that proceeding. It was concluded that the order of the State court was not in conflict with this court's earlier order, since this court had assumed the validity of the judgments and sentences imposed by the Oklahoma County District Court. This court further stated that it would not disturb the ruling of the State court in any event, as plaintiff's remedy was to appeal that order to the Court of Criminal Appeals of the State of Oklahoma.

Plaintiff apparently took this court's references to the State court order as being a holding that the petition was being dismissed solely for failure to exhaust State remedies. Such was not the case. The petition was dismissed principally upon the same grounds upon which CIV–79–914–D was dismissed.

In CIV–80–523–W, plaintiff asserted that the State of Oklahoma had lost jurisdiction to enforce its judgments and sentences upon him. In his Opinion and Order dismissing the petition, Judge West stated that plaintiff made only the conclusory assertion that his constitutional rights had been violated, but showed no prejudice or injury to him if he is required to serve the Oklahoma County sentences previously imposed. Judge West reiterated this court's conclusions in the earlier cases, that petitioner had no reasonable expectation of freedom or liberty until he had served, consecutively, the sentences imposed by federal and State courts, in whatever order that service was required. Judge West then concluded that plaintiff did not raise a substantial federal question and that therefore his petition should be dismissed. He correctly stated that petitioner's earlier actions had been dismissed by this court on the merits, based upon *Cox, Liddy* and *Lionel, supra*, and concluded that in the absence of a showing of actual injury or prejudice, "... so long as the prisoner owes a sentence of servitude to each sovereign, he may not complain of the manner in which he is required to serve it." *Mitchell v. Boen*, 194 F.2d 405 (10th Cir. 1952).

■ As in CIV–80–523–W, plaintiff's assertions here are largely conclusory and contain no factual allegations upon which a showing of prejudice or injury could be based. It has been repeatedly held that conclusory statements without supporting factual allegations are insufficient. *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971); *Atkins v. Kansas*, 386 F.2d 819 (10th Cir. 1967); *Martinez v. United States*, 344 F.2d 325 (10th Cir. 1965).

In *Wells v. Ward*, 490 F.2d 1185 (10th Cir. 1972), the court notes that the rights and duties arising under the Fourteenth Amendment which must be evaluated in § 1983 cases are often different from common-law actions arising under State substantive law and the same set of facts may give rise to remedies under both § 1983 and State law, but that such is not always the case. The court gives the example of common-law assault, where the mere placing of another in apprehension of bodily harm constitutes the offense, and battery, where the offense is constituted by the slightest unprivileged touching of another. The court then states:

"It does not follow that all such invasions however trivial or frivolous serve to activate remedies under the due process clause of the Fourteenth Amendment as well as those parts of the Bill of Rights which are incorporated in and made a part of due process."

The court noted that in adopting § 1983 in the nineteenth century, the Congress had in mind the aggravated lawless conduct which then obtained. The court, in support of this determination that an invasion must be of true substance, quoted from the opinion of Judge Breitenstein in *Freeman v. Flake*, 448 F.2d 258 (10th Cir. 1971), as follows:

"The remedy provided by § 1983 is supplementary to any pertinent State remedy. See *Monroe v. Pape*, 365 U.S. 167, 183, 81 S.Ct. 473, 5 L.Ed.2d 492. The proliferation of litigation resulting from the expanded use of § 1983 is apparent to anyone familiar with the reported decisions of the courts of the United States. The existence of the § 1983 remedy does not require that federal courts entertain all suits in which unconstitutional deprivations are asserted. A federal constitutional question must exist 'not in mere form, but in substance, and not in mere assertion, but in essence and effect.' *Cuyahoga River Power Co. v. Northern Ohio Traction & Light Co.*, 252 U.S. 388, 397, 40 S.Ct. 404, 408, 64 L.Ed. 626."

In *New Rider v. Board of Education*, 480 F.2d 693 (10th Cir. 1973), *cert. denied* 414 U.S. 1097, 94 S.Ct. 733, 38 L.Ed.2d 556, the following statement is made:

"Federal courts have the duty to entertain only *solid claims* of constitutional restraints under 'color' of state law. *Smith v. State of Kansas*, 356 F.2d 654 (10th Cir. 1966), *cert. denied*, 389 U.S. 871, 88 S.Ct. 154, 19 L.Ed.2d 151 (1967). Courts must conduct the 'balancing test' referred to in *Barker v. Wingo, Warden*,

407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), in avoiding rigidity which would frustrate common sense, even when dealing with constitutional rights. Constitutional rights . . . are not absolutes."

As has been held in each of plaintiff's three previous actions in this court, he has not been and is not being denied any constitutional right by being required to serve the sentences lawfully imposed by the District Court of Oklahoma County, Oklahoma before the completion of the service of the sentence imposed by this court. As is stated in the earlier opinions, this conclusion is supported by principles set out in *Cox, Liddy, Lionel* and *Mitchell, supra.*

Plaintiff in this case had been granted leave to proceed *in forma pauperis,* under 28 U.S.C. § 1915(a). Even though such leave has been granted, it is entirely proper to dismiss an action at any time the court is satisfied that it is frivolous or malicious. *Duhart v. Carlson,* 469 F.2d 471 (10th Cir. 1972), *cert. denied* 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692. The test for determining frivolity is whether the plaintiff can make a rational argument on the law or the facts to support his claim. *Bennett v. Passic,* 545 F.2d 1260 (10th Cir. 1976).

Based upon its review of plaintiff's civil rights complaint and upon the authorities cited herein and in the three previous actions brought in this court by plaintiff based upon the fact situation recited above, this court is satisfied that plaintiff's complaint herein is one of mere form and not of substance and that, moreover, plaintiff can make no argument on the facts or the applicable law which would support his claim for relief under 42 U.S.C. § 1983. His complaint therefore should be dismissed.

IT IS SO ORDERED.