**Raymond Herschel JOHNSON, Plaintiff,**

v.

**Ms. Roberta RICHARDS (L.P.N.) and Mr. Joe Beasley (Physical Ass't.), Defendants.**

**No. Civ–84–2242–D.**

United States District Court,
W.D. Oklahoma.

Sept. 25, 1984.

Raymond Herschel Johnson, pro se.

Michael C. Turpen, Atty. Gen. by Jane F. Wheeler, Asst. Atty. Gen., Oklahoma City, Okl., for defendants.

### ORDER

DAUGHERTY, District Judge.

Plaintiff has been permitted to file herein, *in forma pauperis*, his *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, seeking to invoke the jurisdiction of this court under 28 U.S.C. § 1343(3). In his complaint, he names as defendants the licensed practical nurse and physician's assistant responsible for the "pill line" at the

Joseph Harp Correctional Center, Lexington, Oklahoma, where plaintiff is incarcerated.

The records of the office of the Clerk of this Court indicate that plaintiff has filed seven previous civil rights actions in the past five years and that this is the fourth such action filed by him in 1984. In no instance has plaintiff's complaint been found meritorious, and in several instances, he has been denied the right to proceed on appeal *in forma pauperis,* as it has been found that his appeal would not be taken in good faith.

Plaintiff's complaint is lengthy, consisting of largely disconnected, irrelevant statements, Biblical references and inappropriate legal conclusions, in English and in Latin. This complaint is not unlike plaintiff's previous complaints, in that, to the extent that it is intelligible, it consists largely of conclusory assertions without supporting factual allegations. Such conclusory allegations may be disregarded and pleadings based thereon may be dismissed without a hearing. *Lorraine v. United States,* 444 F.2d 1 (10th Cir.1971); *Brice v. Day,* 604 F.2d 664 (10th Cir.1979), *cert. denied,* 444 U.S. 1086, 100 S.Ct. 1045, 62 L.Ed.2d 772 (1980); *Wise v. Bravo,* 666 F.2d 1328 (10th Cir.1981).

■ The Civil Rights Act was not enacted to permit prisoners to discipline or harass prison or local law enforcement officials. *Wise v. Bravo, supra; Atkins v. Lanning,* 556 F.2d 485 (10th Cir.1977); *Wells v. Ward,* 470 F.2d 1185 (10th Cir. 1972). As the court stated in *Wise v. Bravo, supra:*

"It is only if the misuse of legal procedure is so egregious as to subject the aggrieved individual to a deprivation of constitutional dimensions, and the tortfeasor is acting under color of state law, that § 1983 may be employed. *Norton v. Liddel* 620 F.2d 1375 (10th Cir.1980)."

■ Plaintiff styles each of the three counts in his complaint "racial discrimination," but the substance of his complaint is apparently that, on at least one occasion, he was late for the "pill line" and did not receive his heart medication. He also appears to complain that he was similarly denied a liquid antacid which had been prescribed for him on another occasion. His claim of discrimination is apparently based upon his statement that a white inmate had received his medication "with no hassle at all" and that another white inmate had certain medication delivered to him.

In this court's view, plaintiff's complaint does not state a claim of constitutional deprivation upon which relief can be granted. Clearly, plaintiff's assertions, even if proven, would not constitute "cruel and unusual punishment" in violation of the Eighth Amendment. In *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the court stated:

"In order to state a cognizable [Eighth Amendment] claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." Id. at 106.

The Tenth Circuit has also held that a mere difference of opinion as to treatment or diagnosis between the prisoner and medical personnel of the prison is not a constitutional violation cognizable under § 1983. *Smart v. Villar,* 547 F.2d 112 (10th Cir.1976).

Plaintiff makes no allegation whatever of any injury to him by reason of the alleged refusal by the defendants to dispense medication other than through the established "pill line" procedure.

It is not the function of the federal courts to engage in day-to-day supervision of State correctional institutions. That function is best left to professionals in the field. In the absence of an abuse of discretion on the part of such experts, rising to the level of a constitutional deprivation, the federal courts will not intervene. *Marchesani v. McCune,* 531 F.2d 459 (10th Cir. 1976).

Even though plaintiff has been permitted to commence his action *in forma pauperis,*

it is entirely appropriate for the court to dismiss it at any time it is found to be frivolous or malicious. *Duhart v. Carlson*, 469 F.2d 471 (10th Cir.1972), *cert. denied*, 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692. Dismissal may be based upon frivolity if it is found that plaintiff can make no showing on the facts or the applicable law upon which his claim could be granted. *Bennett v. Passic*, 545 F.2d 1260 (10th Cir.1976).

In this court's opinion, viewed in the light of that test, plaintiff's complaint is clearly frivolous and should be summarily dismissed.

IT IS SO ORDERED.