782 F.2d 1042
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DARRYL LAMONT JUTER, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 84-3488
 United States Court of Appeals, Sixth Circuit.
 12/16/85
 ORDER
 
 1
 BEFORE: MILBURN and GUY, Circuit Judges; and WOODS, District Judge.*
 
 
 2
 Jeter appeals pro se from the district court's order denying his motion to vacate. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Jeter was convicted by a federal jury in Cleveland, Ohio of armed bank robbery and received a twenty-five year sentence. His conviction was affirmed on direct appeal and the Supreme Court denied certiorari. Jeter's present motion to vacate was denied summarily by the district court.
 
 
 4
 In his brief, Jeter argues that his twenty-five year sentence for armed bank robbery under 18 U.S.C. Sec. 2113(d) should be reduced to a twenty year sentence for unarmed bank robbery. 18 U.S.C. Sec. 2113(a). Jeter argues that because he did not possess a gun during the robbery and because the record did not show that he had actual knowledge that one of his co-defendants would use a weapon, his sentence should be reduced.
 
 
 5
 The general rule is that an aider and abettor must know that one of his co-defendants would use or would be likely to use a weapon during the course of the robbery before a conviction for armed bank robbery can stand. United States v. Ferreira, 625 F.2d 1030, 1032-33 (1st Cir. 1980). However, unlike Ferreira, this case does not involve a direct appeal. Jeter's motion to vacate is a collateral attack upon his conviction. On collateral attack, a challenge to the sufficiency of the evidence concerning an element of the crime must show that the verdict is so devoid of evidentiary support as to amount to a denial of due process. Lorraine v. United States, 444 F.2d 1, 2 (10th Cir. 1971).
 
 
 6
 In the present case, the main issues at trial were misidentification and illegally seized evidence. There was evidence presented at trial to show that one of the co-defendants used a weapon in the presence of the other co-defendants. Jeter did not testify at trial. Given these facts, there is no error rising to the level that would justify granting collateral relief from the conviction. Lorraine, supra.
 
 
 7
 The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable George E. Woods, U.S. District Judge for the Eastern District of Michigan, sitting by designation