206 N.J. Super. 646 (1986)
503 A.2d 396
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
KEVIN BOHANNAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 17, 1985.
Decided January 16, 1986.
*647 Before Judges ANTELL, SHEBELL and MATTHEWS.
Thomas S. Smith, Jr., Acting Public Defender, attorney for appellant (Robert Abramowitz, designated counsel, of counsel and on the brief).
Larry J. McClure, Bergen County Prosecutor, attorney for respondent (Ulrike M. Ziebarth, Assistant Prosecutor, of counsel and on the letter brief).
The opinion of the court was rendered by SHEBELL, J.A.D.
Defendant was found guilty by a jury of two counts of first degree armed robbery (N.J.S.A. 2C:15-1a(2)) and one count of possession of a handgun (N.J.S.A. 2C:39-5b). Concurrent sentences of ten years were imposed on the robbery convictions with a three year and four month mandatory minimum period of parole ineligibility pursuant to N.J.S.A. 2C:43-6c (the "Graves Act"). The weapons conviction was merged into the robbery convictions for sentencing purposes.
Defendant appeals, alleging:

*648 Legal Issue # 1

The trial court committed reversible error because the trial judge failed to instruct the jury on the lesser included offense of second degree robbery.
Legal Issue # 2
The sentence imposed by the lower court was inappropriate because the lower court failed to have a separate hearing to establish that the defendant possessed the weapon for purposes of the Graves Act and this issue was never submitted by way of instruction to the jury.
Legal Issue # 3
The trial judge committed reversible error when he instructed the jury that the appellant could be found to have constructive possession of the gun with the co-defendants. (Not Raised Below).
The State accepts defendant's first two contentions and asserts:
Point I  The State agrees that the trial court erred in refusing to charge the jury on second degree robbery.
Point II  The present matter must be remanded for consideration of the applicability of the Graves Act.
We agree the jury should have been charged on the lesser included offense of second degree robbery.
The State alleged defendant was the driver of the getaway car used in the commission of an armed robbery of a gas station. Defendant was tried under an accomplice theory of liability.
At approximately 6 p.m. on Sunday, June 20, 1982, two individuals carrying a container approached two teenaged station attendants and requested gasoline. They received the gas, but about five minutes later they returned. One attendant was robbed at gun point in the bathroom by one of the perpetrators, who then tossed the handgun to the second. The second held up the other attendant as he was putting cash in the safe. The perpetrators ran off, however, an attendant from a station across the highway saw them pull away in a white Peugot automobile.
The police were called and ultimately the car was stopped as it approached a toll booth on the George Washington Bridge. Defendant was driving with the two perpetrators in the car. A search revealed $492 and a handgun tucked in the rear seat.
*649 Defendant testified that while in Newark earlier that afternoon he met an acquaintance and decided to join him in going into New York City. They stopped at a store and were joined by a third person previously unknown to defendant. As they proceeded, this person asked defendant to pull to the side of the highway so he could go to the bathroom. Both passengers exited and later returned with a jug of gas and told defendant "don't get out." They again left, but two minutes later ran back to the car yelling "go, go." Defendant alleges he then saw the handgun and money for the first time. He sped away and asked what was going on. He was told they had just robbed a gas station.
Defendant claimed he did not know in advance the two intended a robbery or possessed a gun. He stated that when he became aware of the crime he continued on because he was "scared" and figured he had become involved.
Prior to the jury instructions, defense counsel requested the court charge second degree robbery, noting that such a charge was submitted in a previous trial in which a mistrial had been declared as to defendant.
If there exists a rational basis in the proofs to support a conviction of a lesser degree of the crime, that issue must be submitted to the jury. N.J.S.A. 2C:1-8e; State v. Choice, 98 N.J. 295, 298-299 (1985); State v. Powell, 84 N.J. 305, 317 (1980); State v. Sinclair et al., 49 N.J. 525, 543 (1967); State v. Hollander, 201 N.J. Super. 453, 473 (App.Div. 1985), certif. den. 101 N.J. 335 (1985); State v. Selby, 183 N.J. Super. 273, 280 (App.Div. 1981). When requested, a defendant is entitled to have the jury consider any legally recognized defense theory which has some foundation in the evidence; even very slight evidence on that theory will compel the instruction on a lesser offense. Powell, 84 N.J. at 317. While no defendant is entitled to have the jury charged in his or her own words, State v. Thompson, 59 N.J. 396, 411 (1971), the court should honor *650 requests involving essential and fundamental issues. State v. Green, 86 N.J. 281, 290 (1981).
The Code of Criminal Justice makes robbery a crime of the second degree, except where aggravating factors elevate the offense to one of the first degree. The use or threatened use of a deadly weapon is one such factor. N.J.S.A. 2C:15-1b; see State v. Butler, 89 N.J. 220, 226-230 (1982). It was undisputed that an armed robbery was committed and the jury properly had that charge before it as to defendant. However, it is possible for an accomplice to be guilty of simple robbery even though his principals are guilty of armed robbery. State v. White, 98 N.J. 122, 131 (1984).
An accomplice is one "who acts with the purpose of promoting or facilitating the commission of the substantive offense for which he is charged as an accomplice." Id. at 129 (emphasis theirs); N.J.S.A. 2C:2-6c(1); see The New Jersey Penal Code: Final Report of the New Jersey Criminal Law Revision Commission 57 (1971). The prescribed level of culpability required to hold an accomplice guilty for first degree robbery is that he act with purpose. N.J.S.A. 2C:2-6c(1); N.J.S.A. 2C:15-1b. "Purposely" is defined in the following language:
A person acts purposely with respect to the nature of his conduct or a result thereof if it is his conscious object to engage in conduct of that nature or to cause such a result. A person acts purposely with respect to attendant circumstances if he is aware of the existence of such circumstances or he believes or hopes that they exist. "With purpose," "designed," "with design," or equivalent terms have the same meaning. [N.J.S.A. 2C:2-2b(1).]
Thus, an accomplice will be guilty of armed robbery, regardless of whether he actually possessed or used a weapon, only where he had the purpose to promote or facilitate an armed robbery. See N.J.S.A. 2C:15-1b; N.J.S.A. 2C:2-6b; White, supra, 98 N.J. at 130 State v. Gantt, 195 N.J. Super. 114, 118 (App.Div. 1984), certif. granted 101 N.J. 573 (1985). While each participant may be guilty as a principal, they need not be guilty in the same degree. State v. Fair, 45 N.J. 77, 95 (1965). The gradation *651 depends upon the purpose each party brings into the commission of the crime. Thus, each defendant may be guilty of a varying degree of the offense based on his actions and state of mind. Id.
We are satisfied that based on the facts of this case, the court was required to charge the jury as to second degree robbery. Defendant's testimony that he was unaware of a handgun until the two returned to the car the second time was direct evidence to be weighed against the circumstantial evidence that he knew that a dangerous weapon would be used. It was for the jury to determine whether he was aware of sufficient circumstances to believe or hope that an armed robbery was contemplated. N.J.S.A. 2C:2-2b(1). If the jury found he did not, an essential element of aggravated robbery would be lacking. See United States v. Ferreira, 625 F.2d 1030, 1031-1032 (1st Cir.1980). The jury should have been called upon to decide if defendant joined in the crime with the purpose of facilitating an armed robbery. Cf. Fair, supra, 45 N.J. at 95-96.
In our view, there was a rational basis in the evidence for a finding of second degree robbery. See State v. Saulnier, 63 N.J. 199, 205-206 (1973); Ferreira, supra, 625 F.2d at 1031-1032; Savannah v. State, 7 Ark. App. 161, 165, 645 S.W.2d 694, 696 (1983); State v. Plakke, 31 Wash. App. 262, 266, 639 P.2d 796, 799 (1982). It was reversible error for the trial court upon request to refuse to charge second degree robbery. See Powell, supra, 84 N.J. at 317-318; N.J.S.A. 2C:1-8e.
We have carefully reviewed defendant's allegations of error in the trial court's instructions on constructive possession and find them to be without merit. R. 2:11-3(e)(2).
We reverse defendant's convictions for first degree robbery. The State must choose whether to accept convictions for second degree robbery, or retry the original charges. In the event the State accepts second degree robbery convictions, defendant shall be afforded a Graves Act hearing pursuant to N.J.S.A. *652 2C:43-6d before resentencing. Application of the Graves Act is not inconsistent with a second degree conviction. N.J.S.A. 2C:43-6c; see White, supra, 98 N.J. at 130.
Reversed and remanded.