[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13809
_____

D.C. Docket No. 9:11-cr-80154-KLR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAFAEL DIDDIER GUTIERREZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 16, 2014)

Before MARTIN and JORDAN, Circuit Judges, and BAYLSON,[*] District Judge.

BAYLSON, District Judge:

## I.    Introduction

This is an appeal of a conviction for violating 18 U.S.C. § 111(a)(1) and (b), assault of a federal officer that resulted in bodily injury.

### A.    Facts

On July 16, 2011, Appellant, Rafael Diddier Gutierrez, and his father, Rafael Arturo Gutierrez (R.A. Gutierrez), age 63, were returning from a cruise in the Bahamas.[1]  They disembarked from their ship and proceeded into the Customs area of the Port of Palm Beach in West Palm Beach, Florida.  At the time, United States Customs and Border Protection Officer Thomas Degraves and his canine partner, Guerro, were checking bags for narcotics as passengers entered the Customs area. As the security-camera footage that was shown to the jury demonstrates, Degraves was in full uniform, badge in clear view on his chest, holding Guerro by the leash, and standing no more than two feet from the passengers entering the Customs area. Guerro was sniffing each passenger's bag as they walked past Degraves.

---

[*] Honorable Michael M. Baylson, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

[1] Because the jury found in favor of conviction, we review the facts in the light most favorable to the government.  United States v. Jensen, 689 F.2d 1361, 1362 n.1 (11th Cir. 1982).

2

As he entered the Customs area to pass through inspection, Appellant walked past Degraves and Guerro. A short time later, R.A. Gutierrez entered the Customs area and passed Degraves and Guerro. Degraves testified that as R.A. Gutierrez was passing him, Guerro signaled the detection of a narcotic in the area. DE 60:107. At this time, R.A. Gutierrez whistled at the canine, attempting to get the animal's attention. DE 60:83, 107, 108. Degraves instructed R.A. Gutierrez not to distract Guerro from his work, but R.A. Gutierrez whistled at Guerro again. DE 60:109. This aroused Degraves's suspicion. Degraves proceeded to instruct R.A. Guiterrez that he was to be screened in a different room, grabbed his shoulder, and began leading him to a secondary area to inspect his luggage and person. DE 60:83-86. R.A. Gutierrez cursed and resisted. DE 60:84, 110. Degraves led him to a doorway, which he refused to enter. Appellant took notice and ran after them, yelling to leave his father alone. DE 60:134.

Degraves pushed R.A. Gutierrez through the door and, when entering himself, tripped on R.A. Gutierrez's luggage. R.A. Gutierrez turned around and raised his right hand, in what Degraves believed to be a fist to strike him. DE 60:116-17. In response, Degraves grabbed R.A. Gutierrez by the shirt and pushed him back towards the far wall of the room. DE 60:109. As Degraves reached the far wall, Appellant ran into the room, grabbed Degraves's head and neck, and pulled him away from R.A. Gutierrez. DE 60:95, 118, 119. R.A. Gutierrez and

3

Appellant both testified at trial that Appellant made physical contact with Degraves.  DE 60:216; DE 61:36.  A brief melee ensued.  Appellant and Degraves exchanged several strikes.  Seconds later, a cadre of officers rushed Appellant and immobilized him.  Degraves, bleeding from the nose and ear, was transported to a hospital for examination and treatment.  DE 60:119, 124.

Appellant was initially charged by information for forcibly assaulting a federal officer in the performance of his duties under 18 U.S.C. § 111(a)(1).  A grand jury later issued a superseding indictment, which charged the following:

> On or about July 16, 2011, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant, RAFAEL DIDDIER GUTIERREZ, did forcibly assault, resist, oppose, impede, and interfere with "T.D.," an officer and employee of the United States, designated in Title 18, United States Code, Section 1114, that is, an officer with the United States Customs and Border Protection, while "T.D.["] was engaged in, and on account of the performance of "T.D.'s" official duties, and in the commission of the acts, inflicted bodily injury upon "T.D.," in violation of Title 18, United States Code, Section 111(a)(1) and (b).

DE 26.

## B.    Relevant Statute

18 U.S.C. § 111(a) provides, in relevant part:

(a) **In general.**—Whoever—
　　(1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114[2] of this

---

[2]  "[A]ny officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services)."  18 U.S.C. § 1114.

4

title while engaged in or on account of the performance of official duties;

. . . .

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

18 U.S.C. § 111(b) provides:

**(b) Enhanced penalty.**—Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111(a) and (b) establish three levels of forcible assault: (1) simple assault, (2) "all other cases" of forcible assault, namely instances of forcible assault that involve physical contact with the victim of the assault or the intent to commit another felony; and (3) "all other cases" of forcible assault where the defendant uses a deadly or dangerous weapon or inflicts bodily injury. *United States v. Martinez*, 486 F.3d 1239, 1244-45 (11th Cir. 2007). A "simple assault" is defined as "a willful attempt to inflict injury upon the person of another, or . . . a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm." *Martinez*, 486 F.3d at 1245 (quoting *United States v. Fallen*, 256 F.3d

5

1082, 1088 (11th Cir. 2001)).  A "simple assault" exists only in instances where there is no physical contact.  *Id.* at 1246.

## C.    Charge Conference

At the charge conference, the parties discussed certain modifications to the Eleventh Circuit's Pattern Jury Instructions for 18 U.S.C. § 111(a) and (b).[3]  The

---

[3]  Eleventh Circuit Pattern Jury Instruction 1.2 for forcible assault of a federal officer that results in bodily injury, 18 U.S.C. § 111(b), provides in relevant part:

Forcibly Assaulting a Federal Officer: with
Use of a Deadly Weapon or Inflicting Bodily Injury
18 USC § 111(b)

It's a Federal crime to forcibly assault a Federal officer [using a deadly or dangerous weapon] [inflicting bodily injury] while the officer is performing official duties.
[A Special Agent of the Federal Bureau of Investigation is a Federal officer and has the official duty to execute arrest warrants issued by a Judge or Magistrate Judge of this Court.]
The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)    the Defendant "forcibly assaulted" the person
        described in the indictment;
(2)    the person assaulted was a Federal officer
        performing an official duty; and
(3)    the Defendant . . . [inflicted bodily injury]

A "forcible assault" is an intentional threat or attempt to cause serious bodily injury when the ability to do so is apparent and immediate. It includes any intentional display of force that would cause a reasonable person to expect immediate and serious bodily harm or death, regardless of whether the act is carried out or the person is injured.
The Government must prove beyond a reasonable doubt that the victim was a Federal officer performing an official duty and the Defendant forcibly assaulted the officer. Whether the Defendant knew at the time that the victim was a Federal officer carrying out an official duty does not matter.  But you can't find forcible assault if you believe that the Defendant acted only on a reasonable good-faith belief that self-defense was necessary to protect against an assault by a

colloquy began with a discussion of lesser-included offenses.[4] The government's proposed instructions included a lesser-included offense instruction for forcible assault with physical contact but without bodily injury—essentially, the conduct prohibited in 18 U.S.C. § 111(a) without the enhancement enumerated in 18 U.S.C. § 111(b). DE 60:239-40. When the District Judge asked defense counsel if he wanted to include that instruction in the charge, defense counsel stated that he did not want that instruction.[5] DE 60:246. Instead, defense counsel requested an instruction for "simple assault," the other lesser-included offense available under 18 U.S.C. § 111(a). DE 60:242. The District Judge, however, concluded that

private citizen, and you have a reasonable doubt that the Defendant knew that the victim was a Federal officer.

. . . .

   [Though a forcible assault requires an intentional threat or attempt to inflict serious bodily injury, the threat or attempt doesn't have to be carried out and the victim doesn't have to be injured. But in this case, the indictment alleges that bodily injury actually occurred, so that is the fourth element that the government must prove. A "bodily injury" is any injury to the body, no matter how temporary. It includes any cut, abrasion, bruise, burn, or disfigurement; physical pain; illness; or impairment of the function of a bodily member, organ, or mental faculty.]

Eleventh Circuit Pattern Jury Instruction 1.2 (2010); *see also United States v. Ettinger*, 344 F.3d 1149, 1158 (11th Cir. 2003) (approving earlier version of Pattern Jury Instruction 1.2).

   [4] A "lesser offense" is an offense whose punishment is lesser in magnitude than the charged offense. "When the elements of such a 'lesser offense' are a subset of the elements of the charged offense, the 'lesser offense' attains the status of a 'lesser-*included* offense.'" *Carter v. United States*, 530 U.S. 255, 260 n.2 (2000).

   [5] Consistent with defense counsel's wishes, the District Court did not present this lesser-included offense to the jury.

7

Appellant did not qualify for the instruction because it was undisputed that the altercation between Degraves and Appellant involved physical contact.  DE 60:246.

The government's proposed instructions also recommended changes to the definition of the offense as enumerated in the Pattern Instructions.  Eleventh Circuit Pattern Instruction 1.2 states that the first element of the 18 U.S.C. § 111(b) charge requires the jury to find that the defendant forcibly assaulted the person described in the indictment.  *See supra* note 3.  Instead, the government proposed that the jury could find that defendant forcibly assault, resisted, opposed, impeded, intimidated or interfered with Degraves.  Defense counsel did not object to this instruction and the District Judge adopted it.   DE 60:240-41.

The government also sought to add an element to the pattern instruction: that the defendant acted "intentionally."  The pattern instruction discusses intent in a paragraph defining the meaning of the phrase "forcible assault."  The government requested that paragraph be removed because the jury could find more than just forcible assault.  Instead of that paragraph, the government requested adding an additional element, that the jury find that Defendant acted "intentionally."  Defense counsel did not object to this instruction and the District Judge adopted it.  DE 60:241.

8

The government's proposed instructions also included a self-defense instruction, which stated that the jury cannot find the defendant guilty if it concluded that the defendant acted only in a reasonable good-faith belief that self-defense was necessary to protect against an assault by a private citizen, and the jury has a reasonable doubt that the defendant knew that the victim was a Federal officer. DE 60:241. The self-defense instruction was consistent with the pattern instructions. *See supra* note 3. Initially, defense counsel indicated that he wanted this defense presented to the jury. DE 60:241. At the end of the charge conference, however, defense counsel expressed hesitation about including it:

> Defense Counsel: I don't know if this is complicating matters too much. Just so we don't get delayed tomorrow, is there any possibility of having a page with [the defense instruction] and a page without it? I'm going to discuss it with my client now.
>
> Government: You potentially don't want a defense in there?
>
> Defense Counsel: Right.
>
> Government: Well, that would be up to the defense to decide if they want that.
>
> Court: Okay. Well, you can let us know tomorrow, and we'll take care of that.

DE 60:247-48. The record indicates that there was no further discussion on the subject of including or excluding the defense instruction. Appellant's

9

counsel confirmed this at oral argument. When the District Judge charged the jury, he did not present the defense instruction.[6]

The jury convicted Appellant of violating 18 U.S.C. § 111(a)(1) and (b). The District Judge sentenced him to twenty-one months of imprisonment and three years of supervised release.

This appeal followed.

---

[6] As to the nature of the offense, the District Judge instructed the jury as follows:

Title 18, United States Code, Section 111(a)(1) and (b), makes it a Federal crime or offense for anyone to forcibly, [sic] assault, resist, oppose, impede, intimidate, or interfere with an officer of the United States of America while the officer was engaged in the performance of his official duties, and in the commission of the acts, inflicts bodily injury upon the officer.

The Defendants [sic] can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:    That the Defendant forcibly assaulted, resisted, opposed, impeded, intimidated or interfered with Tom Degraves;
Second:   That the person assaulted, resisted, opposed, impeded, intimidated or interfered with was a Federal officer performing an official duty,
Third:    That the Defendant acted intentionally, and
Fourth:   That the Defendant inflicted bodily injury.

The Government must prove beyond a reasonable doubt that the victim was a Federal officer performing an official duty and that the Defendant forcibly, [sic] assaulted, resisted, opposed, impeded, intimidated or interfered with the officer. Whether the Defendant knew at the time that the victim was a Federal officer carrying out an official duty does not matter.

A federal officer is "engaged in the performance of his official duties" if he is acting within the scope of what he is employed to do, rather than engaging in a personal frolic of his own.

A "bodily injury" is any injury to the body, no matter how temporary. It includes any cut, abrasion, bruise, burn, or disfigurement; physical pains; illness; or impairment of the function of a bodily member, organ, or mental facility.

DE 47 at 9.

## II.    Jury Instruction Issues

The main thrust of the appeal concerns the propriety and sufficiency of the jury instructions defining the offense and the District Judge's decision not to instruct the jury on the lesser-included offense of simple assault or the affirmative defense of self-defense.[7]

### A.    The Simple Assault Instruction

Appellant argues that the evidence in the record would have permitted a jury to convict him of a simple assault and therefore the District Court erred in refusing to give that instruction.  "[A] lesser-included offense instruction is proper where there is a disputed issue of fact which would enable the jury rationally to find that, although the elements of the charged greater offense have not been provided, all the elements of one or more lesser offenses have been." *United States v. Methvin*, 441 F.2d 584, 586 (5th Cir. 1971) (quoting *Sansone v. United States*, 380 U.S. 343, 451, 85 S. Ct. 1004, 1010, 13 L. Ed. 2d 882 (1965) (alterations omitted).[8]  We review a district court's refusal to give a requested instruction for abuse of discretion.  *United States v. Cornillie*, 92 F.3d 1108, 1109 (11th Cir. 1996).  "An

---

[7]  Appellant's desired instruction actually is a "defense of others" defense—Defendant's testimony at trial indicates that he was acting in defense of his father. DE 61:34-35.  We need not comment on the availability of this defense under federal law because Appellant failed to request this instruction.  For the purpose of this opinion, however, we use self-defense in place of "defense of others."

[8]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

abuse of discretion may occur where the evidence would permit a rational jury to find the defendant guilty of the lesser offense and not the greater." *Id.*

An assault is not classifiable as a "simple assault" if the assailant had physical contact with the victim. *Martinez*, 486 F.3d at 1246. Here, witness testimony from both the government and Appellant, not to mention the security-camera footage, made it abundantly clear that Appellant made physical contact with Degraves. Because Appellant and R.A. Gutierrez both conceded in their testimony that Appellant touched Degraves, it was proper for the District Court to deny the instruction.

Appellant argues that the defense of simple assault is not foreclosed because at trial Appellant did not concede that he had the requisite intent for forcible assault. Appellant cites *Fallen* and *Martinez* for the proposition that Appellant needed to intend to inflict serious bodily injury on the victim to be eligible for forcible assault. According to Appellant, unlike in *Martinez*—where the defendant conceded he had the requisite intent—here, Appellant disputed he had the intent to cause serious bodily injury and thus was entitled to a simple assault instruction. Appellant misreads *Fallen* and *Martinez*.

In *Fallen*, we held that forcible assault could exist without physical contact where there was a willful attempt to inflict injury plus something more, "*such as* a willful attempt or threat to cause serious bodily injury, coupled with an apparent

present ability" to do so, which causes reasonable apprehension of serious bodily harm to the intended victim. *Fallen*, 256 F.3d at 1088 (emphasis added). The assault in *Fallen* exemplified the kind of intent necessary to constitute forcible assault *without physical contact*. Despite Appellant's contention to the contrary, *Fallen* does not require the jury to find intent to inflict serious bodily injury where physical contact has been made.

The intent instruction we upheld in *Martinez* illustrates that the intent required under § 111(a)(1) is to voluntarily intend the act that constituted the assault—that is, where there is physical contact, it is irrelevant whether the defendant intended to cause serious bodily injury. 486 F.3d at 1245-46; *see also Ettinger*, 344 F.3d at 1160 (holding that specific intent is not required under § 111). Accordingly, because it was undisputed that Appellant made physical contact with Degraves, the District Court did not abuse its discretion in refusing to give an instruction relevant only to a scenario in which no physical contact had occurred.[9]

---

[9] Appellant also argues that the jury charge did not include an instruction for the offense described in § 111(a)(1), though, he claims, this is the offense for which he was found guilty. This argument is meritless. Appellant was charged with violating § 111(a)(1) and (b)—for which he was found guilty. Section 111(b) is merely an enhancement to the offense enumerated in § 111(a)(1). Section 111(a)(1) requires a finding that Appellant forcibly assaulted a federal officer while he was performing his official duty. Section 111(b) requires the jury to find an additional element—that bodily injury was inflicted on the victim of the assault. The jury was so instructed. Appellant was entitled to receive an instruction that would have described the elements of § 111(a)(1) separately—that is, the lesser-included offense of forcible assault with physical contact that did not require a finding of bodily injury. Appellant, however, rejected this

13

## B.      The Forcible Assault Instruction

Appellant next takes issue with the District Court's decision not to include a definition of forcible assault in the jury charge.  Because Appellant did not object to the instruction before the jury retired to deliberate, we review the District Court's jury charge for plain error.  Fed. R. Crim. P. 30(d); *see also United States v. Moore*, 525 F.3d 1033, 1048 (11th Cir. 2008) (noting that failure to make a specific objection to a jury instruction before the jury retires subjects the appellant's argument to plain error review).  Under plain error review, reversal will be granted "only in exceptional cases where the error is so fundamental as to result in the miscarriage of justice."  *Montgomery v. Noga*, 168 F.3d 1282, 1294 (internal quotation marks omitted).

Failure to instruct the jury on an essential element of the offense charged does not constitute reversible error if the failure to instruct is harmless.  *United States v. Gomez*, 580 F.3d 1229, 1233 (11th Cir. 2009).  "The failure to instruct a jury on an essential element of an offense is harmless when it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error."  *Id.* (internal quotation marks omitted).

---

instruction.  DE 60:242.  He cannot now claim he was denied an instruction that he expressly refused.

14

Here, Appellant contends that the District Court's decision not to include the definition of forcible assault found in the Eleventh Circuit's Pattern Jury Instructions constitutes reversible error.  Consistent with the Pattern Instructions, we have concluded that forcible assault includes any willful threat or attempt to inflict bodily injury upon the person of another when coupled with an apparent present ability to do so.  *Fallen*, 256 F.3d at 1087; *see supra* note 3.  This is not, of course, the only species of forcible assault.  *E.g.*, *Martinez*, 486 F.3d at 1246 (holding an assault with physical contact constitutes forcible assault).  The Pattern Instructions act only as a *guide* for judges when fashioning a jury charge.  They do not constitute precedent and "cannot foreclose the construction of the necessary elements of a crime as stated in the statute."  *Ettinger*, 344 F.3d at 1158.

Given the facts of this case, providing the definition of forcible assault in the Pattern Instruction was not required.  The pattern definition for forcible assault almost entirely concerns *attempts* or *threats*.  Because this case did not involve attempts or threats, it would not be of much use to a jury.  Indeed, its inclusion may have likely bred confusion.  The intent requirement was the only language in the pattern definition pertinent to this case—language that was included as an additional element in the jury charge.  *See supra* note 6; *United States v. Silverman*, 745 F.2d 1386, 1395 (11th Cir. 1984) ("A district judge is vested with broad discretion in formulating his charge to the jury so long as it accurately

15

reflects the law and the facts."). Because this case did not involve threats or attempts, but did involve an intentional act and bodily injury, as the jury was so instructed, the District Court's decision not to include the Pattern Instructions' definition of forcible assault was not plain error. *Silverman,* 745 F.2d. at 1395-96 ("The charge must define the offense charged and its elements to enable the jury to apply the law of the case to the facts."). The instructions in the jury charge, "taken together, accurately express[ed] the law applicable to the case without confusing or prejudicing the jury . . . ." *United States v. Beasley*, 72 F.3d 1518, 1525 (11th Cir. 1996).[10]

## C.    The Self Defense Instruction

Appellant also argues that the District Court erred when it did not present the jury with a self-defense instruction. "As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Matthews v. United States*, 485 U.S. 58, 63, 108 S. Ct. 883, 887, 99 L. Ed. 2d 54 (1988). Although a

---

[10] Appellant also argues that the Pattern Instructions *require* the jury to find a forcible assault to convict under 18 U.S.C. § 111(a)(1) and (b). Appt. Br. at 22 (citing *Fallen*, 584 F.3d at 1090). Appellant's reliance of *Fallen* is misplaced. Nothing in *Fallen* indicates that a conviction under the statute is permissible *only if* the jury finds that the defendant committed a forcible assault. Appellant's citation to the Pattern Instructions is equally unavailing. Appt. Br. at 22 (noting that Pattern Jury Instruction 1.2 states that a defendant can be found guilty under 18 U.S.C. § 111(b) *only if* forcible assault is proven beyond a reasonable doubt). As we have discussed, the Pattern Instructions are advisory only. They "cannot trump the plain language of the statute." *United States v. Polar*, 369 F.3d 1248, 1252 (11th Cir. 2004). The plain language of § 111(a)(1) proscribes forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal officer in the performance of his official duties. Accordingly, the District Court did not err.

16

defendant may be entitled to a self-defense instruction, he must still request that the instruction be included in the jury charge. The District Court is not required *sua sponte* to instruct the jury on an affirmative defense that has not been requested by the defendant. *United States v. Diaz*, 190 F.3d 1247, 1258 (11th Cir. 1999) ("The district court did not plainly err in failing to *sua sponte* instruct the jury on [various] affirmative defenses . . . when these defenses were not requested by the defendant."). Because Defendant did not object to the omission of the self-defense instruction, we review the District Court's decision for plain error. *Moore*, 525 F.3d at 1048.

The record reveals that defense counsel failed to request the defense instruction. During the charge conference, defense counsel initially requested that the self-defense instruction be included with the jury charge. DE 60:241. At the conference's conclusion, however, defense counsel expressed misgivings about including the instruction and indicated to the court that he wished to consult with Appellant to determine whether he wanted the instruction in the charge. DE 60:247. The court acknowledged the request and stated that defense counsel could raise the issue again the following day. DE 60:248. However, as far as the record reveals, and as was confirmed at oral argument, defense counsel never requested the self-defense instruction after the charge conference.

17

Not only did defense counsel fail to request the defense instruction after the charge conference, he affirmatively expressed hesitation about including it in the jury charge.  Given this record, the District Court did not plainly err by not presenting the defense instruction to the jury.  A District Court is not required to instruct the jury on an affirmative defense in light of defense counsel's silence.  *Diaz*, 190 F.3d at 1258.  It follows *a fortiori* that the District Court is not required to provide a defense instruction where the defendant is unsure, equivocal, or expresses doubt as to the instruction's inclusion.[11]

### D.    Constructive Amendment of the Indictment

Finally, Appellant argues that the District Court's instructions constructively amended the indictment.  "A constructive amendment to the indictment occurs where the jury instructions so modify the elements of the offense charged that the defendant may have been convicted on a ground not alleged by the grand jury's indictment."  *United States v. Sanders*, 668 F.3d 1298, 1309 (11th Cir. 2012) (internal quotation marks omitted). We review whether jury instructions constructively amended the indictment *de novo*.  *Id.* n.9.

---

[11] Appellant also argues that the District Court committed error by omitting the Pattern Jury Instruction regarding whether there was a reasonable doubt that the defendant knew the victim was a federal officer.  First, as we have discussed, the Pattern Instructions are advisory only—a District Court does not commit error by departing from them.  Second, defense counsel did not request this instruction.  The District Court therefore did not commit plain error by not giving it.

18

The superseding indictment charges that the Appellant "did forcibly assault, resist, oppose, impede, *and* interfere" with Degraves.  DE 26 (emphasis added). The instructions presented to the jury state: "That the Defendant forcibly assaulted, resisted, opposed, impeded, intimidated *or* interfered" with Degraves.  DE 47 at 9 (emphasis added).  Appellant argues that this is an impermissible expansion of the indictment, for the jury had to find only one aspect of the charged conduct according to the instructions, as opposed to all aspects of the charged conduct according to the superseding indictment.

Appellant's argument is foreclosed by our precedent.  "[T]he law is well established that where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and accordingly the jury instruction may be properly framed in the disjunctive."  *United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000). Under 18 U.S.C. § 111(a)(1), the government is only required to prove one form of conduct.  The indictment, however, charged more than was required by the statute. Given the more onerous terms of the indictment, it was impossible for Appellant to have been convicted at trial of a ground not alleged in the indictment. Accordingly, the District Court's instruction did not constructively amend the indictment.

## III.    Trial Error Issues

Appellant's remaining arguments relate to the propriety of the District Court's evidentiary rulings and various comments made by the court, the prosecutor, and certain government witnesses.

## A.    Right to Present a Defense

Appellant claims that the District Court erred so frequently at trial that it violated his constitutional right to present a defense. This argument is essentially a hodgepodge of Appellant's previously-discussed attacks on the District Court's jury charge, coupled with an attack on several of the District Court's evidentiary rulings. Appellant essentially claims that the District Court prevented him from presenting evidence at trial to establish the defense that he engaged Degraves out of concern for his father's health. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Jiminez*, 224 F.3d 1243, 1249 (11th Cir. 2000).

Appellant's contention is meritless. Testimony relating to R.A. Gutierrez's health was introduced several times throughout the trial. R.A. Gutierrez's wife, Nancy Gutierrez, testified that R.A. Gutierrez had undergone three different surgeries regarding the removal of his colon and had experienced complications, DE 60:181-82, that he was in the hospital for more than thirty-three days, DE 60:192, and that his last surgery was approximately less than a month before he went on the cruise, DE 60:183. R.A. Gutierrez himself testified that he had three

surgeries prior to his cruise, DE 60:205-206, that he was weak and still recovering from his surgeries at the time of the incident, DE 60:214-15, and that Appellant tried to save his life by engaging Degraves because Appellant knew he was in ill health, DE 60:228.  Appellant also testified on this issue.  He indicated that he was aware of his father's health condition, DE 61:5, that he was concerned for his father's health when he ran after Degraves because his father had just had major surgery, DE 61:11, and that he acted because he was afraid for his father's life, DE 61:34-35.

Appellant's argument is simply not supported by the record.  The jury was fully aware that R.A. Gutierrez was ill and that Appellant believed that he was defending his father.

Appellant has also failed to show that the District Court abused its discretion when it limited witness testimony out of concern that it was being offered for the improper purpose of evoking sympathy from the jury.  The record demonstrates that the District Court only limited testimony relating to R.A. Gutierrez's medical condition when it lacked relevance or was duplicative.  *E.g.*, DE 60:192, 206, 218; DE 61:5.  The District Court did not abuse its discretion when it limited testimony.[12]

---

[12]  The District Court also did not abuse its discretion when it precluded defense counsel from mentioning R.A. Gutierrez's medical condition in his opening statement.  Evidence relating

## B.    Statements by the District Judge

Appellant contends that the District Court made inappropriate statements at trial that made the jury believe that R.A. Gutierrez's health was not relevant to a defense to the charged crime.  The only statement the District Judge made before the jury on this topic related to a curative instruction issued in response to Nancy Gutierrez's testimony.  The District Court advised the jury that "sympathy has no place in this case at all.  You just decide the facts not based upon sympathy for or against either party."  DE 60:191.  Not only did this statement not prejudice Appellant, it is a correct statement of the law.  The other statements cited by Appellant occurred prior to trial, DE 60:4, and at sentencing, DE 86:9—and thus would have no bearing on the jury's determination on whether Appellant presented a viable defense.  Moreover, the prejudicial nature of these statements is a moot point because Appellant failed to request an instruction for a defense based on R. A. Gutierrez's health.  Thus, the jury never considered the defense—or any statements related to its adequacy—in the first place.

## C.    Statements by the Government's Witnesses

Appellant next argues that the District Court improperly allowed Degraves to testify that Appellant was not acting in self-defense.  DE 61:45.  Appellant first

---

to R.A. Gutierrez's condition was presented at trial, and defense counsel referred to his condition repeatedly during his closing argument.  DE 61:78, 80.

contends that Degraves's statement violated Federal Rule of Evidence 704(b), which forbids an expert witness from testifying on whether a defendant possessed the "mental state or condition that constitutes an element of a crime charged or of a defense."  Appellant alternatively argues that even if Degraves was only testifying as a lay witness, the testimony was improper under Federal Rule of Evidence 701(c) because Degraves was providing an opinion based on specialized knowledge.  Finally, Appellant argues that the statement was inadmissible under Federal Rules of Evidence 701(b), 702(b), and 403 because Degraves's opinion was not helpful and merely told the jury what result to reach.

Because Appellant did not object to Degraves's statement at trial, we review the District Court's admission of his testimony for plain error.  *United States v. Langford*, 647 F.3d 1309, 1325 n.11 (11th Cir. 2011).  Under this standard, we will not correct an error raised for the first time on appeal unless there is (1) error, (2) that is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Appellant's arguments fail because he cannot show that the admission of this testimony affected his substantial rights.  As discussed above in part II.C, Appellant was not entitled to a self-defense instruction because he failed to request one and affirmatively expressed hesitation about including the instruction in the jury charge.  Because the jury did not ultimately decide whether Appellant acted in

23

self-defense, his substantial rights were not affected by Degraves's testimony on the subject. Therefore, the District Court did not commit plain error in permitting this testimony.[13]

### D.    Statements by the Prosecution

Finally, Appellant contends that the District Court permitted the government to make improper statements when it referenced Appellant's conduct as an assault and an attack. DE 60:123 ("Now, after you were assaulted, or after you were allegedly assaulted, after you were attacked, did you go to the hospital?"); DE 60:140 ("On the day that the Defendant attacked you, did you write that report?"); DE 156-57 ("Did you see anybody getting attacked? . . . Did you see the Defendant, the person that attacked, did you see that person here today."). Appellant failed to object to the government's comments.

Absent an objection, we review comments by a prosecutor for plain error. A prosecutor's comments warrant a new trial only where the statement is improper and prejudices the defendant's substantive rights. *United States v. O'Keefe*, 461 F.3d 1338, 1350 (11th Cir. 2006). A defendant's substantive rights are prejudicially affected when a reasonable probability arises that, but for the

---

[13] Appellant also contends that the District Court erred when it permitted a government witness to testify that Agent Degraves "presented with a history of being . . . accosted, hit by a criminal evidently." DE 60:170. Appellant objected to the witness's use of the word criminal. The District Court did not strike the testimony but instead gave a curative instruction—informing the witness to use caution with his language and clarifying to the jury that no one had been convicted. We find no abuse of discretion here, and no prejudice.

prosecutor's statements, the outcome of the trial would have been different. *Id.* Based on our review of the record, we find no such reasonable probability here.

## IV.    Conclusion

The District Court did not commit error—plain or otherwise—in charging the jury.  It also did not plainly err or abuse its discretion in the challenged rulings at trial.  Accordingly, the judgment of the District Court is

AFFIRMED.