[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11390
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20584-MGC-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YOEL DE MOYA LOZADA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 17, 2018)

Before WILSON, HULL, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Yoel De Moya Lozada appeals his convictions after a jury trial for conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count 1), and conspiracy to encourage and induce an individual subject to removal to reside unlawfully in the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) (Count 2).  On appeal, Lozada argues that there was insufficient evidence to convict him on Counts 1 and 2.  He also argues that the district court erred in its Count 2 jury instructions.  After careful review of the parties' briefs and the record, we affirm.

## I.

## A.

We review a challenge to the sufficiency of the evidence to support a conviction de novo.  *United States v. Green*, 818 F.3d 1258, 1274 (11th Cir. 2016).  We draw all reasonable inferences in favor of the jury's verdict and view the evidence in the light most favorable to the government.  *Id.*  Our inquiry is whether a reasonable fact-finder could have determined that the evidence proved the defendant's guilt beyond a reasonable doubt.  *United States v. Calhoon*, 97 F.3d 518, 523 (11th Cir. 1996).

To obtain a conviction for conspiracy to defraud the United States in violation of 18 U.S.C. § 371, the government must prove: "(1) an agreement among two or more persons to achieve an unlawful objective; (2) knowing and

2

voluntary participation in the agreement; and (3) an overt act by a conspirator in furtherance of the agreement." *United States v. Gonzalez*, 834 F.3d 1206, 1214 (11th Cir. 2016). Section 371 reaches any conspiracy undertaken for the purpose of impairing, obstructing, or defeating the lawful function of any department of government, even if the conspiracy did not cause any monetary loss to the government. *United States v. Puerto*, 730 F.2d 627, 630 (11th Cir. 1984).

A person commits conspiracy to encourage and induce an individual subject to removal to reside unlawfully in the United States if he conspires to "encourage[] or induce[] an [individual subject to removal] to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law." 8 U.S.C. § 1324(a)(1)(A)(iv)–(v)(I). We give a broad interpretation to the phrase "encouraging or inducing" in this context, construing it to include the act of "helping" individuals subject to removal come to, enter, or reside in the United States. *United States v. Lopez*, 590 F.3d 1238, 1249 (11th Cir. 2009).

"The very nature of a conspiracy frequently requires that the existence of an agreement be proved by inferences from the conduct of the alleged participants or from circumstantial evidence of a scheme." *Gonzalez*, 834 F.3d at 1214. The government does not have to prove that the defendant knew every detail or participated in every aspect of the conspiracy, only that the defendant knew of the

3

essential nature of the conspiracy. *Id.* at 1215. The government can use proof of surrounding circumstances, such as acts that the defendant engaged in which furthered the conspiracy's purpose, to demonstrate that the defendant joined the conspiracy voluntarily. *Id.*

### B.

The evidence presented at trial, considered in the light most favorable to the government, supported Lozada's convictions on both counts. The testimony of Lozada's co-conspirator, Yosandra Piedra Vasquez (Piedra), established that Lozada and Piedra knowingly and willfully agreed to arrange fraudulent marriages between Piedra and individuals subject to removal in order to obstruct the United States Citizenship and Immigration Services (USCIS) in carrying out the immigration laws of the United States. It further established that Piedra and Lozada knowingly and willfully agreed to encourage and induce those individuals to reside in the United States.

Specifically, Piedra testified that she accepted Lozada's offer to help him arrange fraudulent marriages when he told her that he had entered into a fraudulent marriage with his spouse, an individual subject to removal, to obtain immigration papers for her. Lozada helped Piedra arrange four fraudulent marriages to individuals subject to removal. Each marriage consisted of an up-front payment and an additional payment if the individual subject to removal obtained a grant of

permanent residency.  For at least one of the marriages, Piedra's marriage to Gasper Maya Flores, Lozada staged a mock wedding ceremony and took pictures that Flores could present to USCIS as evidence that the marriage was legitimate.

Flores largely corroborated Piedra's testimony.  He testified that he paid Lozada and Piedra for the fraudulent marriage because he wanted to stay in the United States after Lozada approached him about his immigration status in a grocery store.  Lozada staged mock wedding celebration photos "to make it look very real . . . so that if immigration ever asked for them, [they] could prove that all of that had happened."  Lozada also told him that marrying Piedra would solve his immigration problems and that the United States would grant him permanent residency within three months.  Lozada directed Flores to find an attorney to help him file an application for residency.  Finally, USCIS officer Natalie Diaz testified that obtaining a grant of permanent residency based on a fraudulent marriage is illegal in the United States.

All of this evidence was sufficient to show that Lozada and Piedra knowingly and willfully conspired to defraud the United States by arranging fraudulent marriages for the purpose of interfering with and obstructing USCIS in its administration of the immigration laws of the United States.  The evidence was also sufficient to demonstrate that Lozada and Piedra knowingly and willfully conspired to encourage and induce individuals subject to removal to reside in the

5

United States.  Thus, there was sufficient evidence to support the jury's guilty verdict on Counts 1 and 2.

## II.

### A.

We review de novo jury instructions properly challenged in the district court "to determine whether the instructions misstated the law or misled the jury to the prejudice of the objecting party."  *United States v. Felts*, 579 F.3d 1341, 1342 (11th Cir. 2009) (per curiam).  We review for plain error jury instructions that are challenged for the first time on appeal.  *Id.* at 1343.  However, where a party invites error, we cannot review that error on appeal.  *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009).

Under the plain-error standard, the defendant must demonstrate that (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.  *United States v. Dortch*, 696 F.3d 1104, 1112 (11th Cir. 2012).  It is not reversible error if the district court's failure to instruct the jury on an essential element of the offense was harmless.  *United States v. Gutierrez*, 745 F.3d 463, 471 (11th Cir. 2014).  "The failure to instruct a jury on an essential element of an offense is harmless when it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error."  *Id.*

6

B.

Lozada invited any error in the jury instructions on Count 2 by adopting the government's proposed instructions, submitting identical copies of those instructions and requesting that they be given, and confirming at the jury instruction conference that he had no objections to the instructions. Specifically, when Lozada filed proposed instructions, he said that he "[did] not object to and incorporate[d]" the government's proposed instructions and that he "request[ed] that they be given at trial." Moreover, he submitted identical copies of the instructions he now challenges on appeal. He also could have objected when the instructions were given, but he did not do so.

In any event, the district court did not plainly err because the jury's guilty verdict on Count 1 made clear beyond a reasonable doubt that the jury believed there was testimony sufficient to convict Lozada on Count 2. In essence, because no other testimony evidenced an agreement that could support a conspiracy conviction, to find Lozada guilty of Count 1, the jury must have believed either: (1) Piedra's testimony that she and Lozada agreed to arrange fraudulent marriages to help individuals subject to removal obtain a grant of permanent residency and that they in fact arranged such marriages; or (2) Flores's testimony that Lozada and Piedra jointly arranged a fraudulent marriage that he could use to obtain a grant of permanent residency and that they in fact arranged the marriage. Therefore, this

7

evidence was sufficient to convict Lozada of Count 2—encouraging and inducing

an individual subject to removal to reside unlawfully in the United States.

**AFFIRMED.**