[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14825
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20657-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMMANUELY GERMAIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 4, 2019)

Before TJOFLAT, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Emmanuely Germain appeals his convictions for 1 count of conspiracy to commit an offense to defraud the United States, in violation of 18 U.S.C. § 371; and 3 counts of making a false statement in an immigration application, in violation of 18 U.S.C. § 1546(a).  On appeal, Germain first argues that the government did not present sufficient evidence demonstrating that he had knowledge of the conspiracy to commit a violation of 18 U.S.C. § 1546(a) or that he knowingly made a false statement on an immigration application.  He also argues that the Government did not present sufficient evidence that venue was properly found in the Southern District of Florida.  Second, he argues that there were a series of errors that, cumulatively, impacted the fairness of his trial because the district court: (1) excluded hearsay evidence of Germain's father, who was also his codefendant, taking full responsibility for the charges; (2) admitted evidence from three government witnesses identifying Germain's signature; and (3) did not instruct the jury on the essential elements of presentation of an immigration application with a false statement and venue.

## I.

We review challenges to the sufficiency of the evidence *de novo*, viewing the evidence in a light most favorable to the verdict and drawing all reasonable inferences and credibility choices in the verdict's favor.  *United States v. Godwin*, 765 F.3d 1306, 1319 (11th Cir. 2014).  The verdict must be affirmed unless there is

no reasonable construction of the evidence from which the jury could have found the defendant guilty beyond a reasonable doubt. *Id.* at 1319-20. A jury is free to choose among reasonable constructions of the evidence. *Id.* at 1320. It is therefore not necessary that the evidence exclude every reasonable theory of innocence or be wholly inconsistent with every conclusion except that of guilt. *Id.* Moreover, credibility determinations are left to the jury. *United States v. Flores*, 572 F.3d 1254, 1263 (11th Cir. 2009). We will not disregard them unless the testimony is unbelievable on its face or incredible as a matter of law, meaning it contains facts that the witness could not have possibly observed or events that could not have occurred under the laws of nature. *Id.*

We apply the same standard in evaluating the sufficiency of the evidence regardless of if the evidence presented was direct or circumstantial. *United States v. Focia*, 869 F.3d 1269, 1279 (11th Cir. 2017). However, if the government relied on circumstantial evidence, "reasonable inferences, not mere speculation, must support the conviction." *United States v. Martin*, 803 F.3d 581, 587 (11th Cir. 2015) (quotation marks omitted).

Section 1546(a) punishes any person who "knowingly" makes under oath, or under penalty of perjury "knowingly subscribes as true, any false statement with respect to a material fact" in an immigration application, or "knowingly presents" that application containing a false statement. 18 U.S.C. § 1546(a). Thus, in order

3

to prove a violation of § 1546(a), the government must prove that: (1) the defendant presented or caused to be presented a false statement in an immigration application; (2) the defendant had knowledge that the statement was false; (3) the statement was material to the decisions of the USCIS; and (4) the statement was made under oath.  *See id.*

In order "to establish a willful violation of a statute, generally the Government must prove that the defendant acted with knowledge that his conduct was unlawful."  *United States v. Clay*, 832 F.3d 1259, 1308 (11th Cir. 2016) (quotation marks omitted).  We have recognized that "guilty knowledge can rarely be established by direct evidence," and have therefore held that a jury may infer knowledge and criminal intent through circumstantial evidence.  *Id.* at 1309 (quotation marks omitted).

In order to support a conspiracy conviction, the government must provide evidence that: (1) there was an agreement between the defendant and one or more persons; and (2) the object of the agreement was to do either an unlawful act or a lawful act by unlawful means.  *United States v. Garcia*, 405 F.3d 1260, 1269 (11th Cir. 2005).  To prove a defendant's participation in a conspiracy, the government must present evidence, even if only circumstantial evidence, that there was a conspiracy and the defendant knowingly and voluntarily joined the conspiracy.  *Id.* To meet its burden, the government must only present evidence that the defendant

4

knew the essential nature of the conspiracy, not whether he knew every detail or participated in every aspect. *Id.* at 1269-70. Whether a defendant knowingly volunteered to join the conspiracy can be proven by "direct or circumstantial evidence, including inferences from the conduct of the alleged participants or from circumstantial evidence of a scheme." *Id.* at 1270 (quotation marks omitted). "Indeed, because the crime of conspiracy is predominantly mental in composition, it is frequently necessary to resort to circumstantial evidence to prove its elements." *Id.* (quotation marks omitted).

A defendant has a Sixth Amendment right to be tried in the venue where he committed the offense. *United States v. Greer*, 440 F.3d 1267, 1271 (11th Cir. 2006). "However, a defendant waives an objection to venue by failing to raise it before trial, subject to the exception that objecting at the close of evidence is soon enough if the indictment alleges an incorrect venue and the defendant was not aware of that defect until the government presented its case." *Id.* Accordingly, we will not review a defendant's challenge to the venue if he did not raise an objection at trial or at the close of evidence. *See id.*

The government presented sufficient evidence to convict Germain of all four counts because it presented direct and circumstantial evidence that Germain had knowledge that the statements on the applications were false. Specifically, it presented evidence that Germain: (1) solicited unauthorized payments from visa

applicants' friends and family as a condition of their employment through his company; (2) conducted all of the business operations for his and his father's company; (3) signed all of the immigration paperwork with the false statements on it; and (4) visited the farm where the workers planned to work with his father on one occasion. Germain waived his challenge to venue by failing to object to the venue during trial or after the presentation of evidence.

## II.

We address each of Germain's cumulative error challenges in turn. When a defendant claims cumulative error, we consider all preserved errors on appeal, as well as all plain errors, within the context of the entire trial to determine whether the defendant had a fundamentally fair trial. *United States v. House*, 684 F.3d 1173, 1197 (11th Cir. 2012). When there is no error or there is only one error, there is no cumulative error. *Id.* at 1210.

A. Grant of the Government's Motion *in Limine*

We review preserved challenges to the admission or exclusion of evidence for an abuse of discretion. *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006). The district court abuses its discretion when its decision relies on a clearly erroneous finding of fact, an erroneous legal conclusion, or an improper application of the facts to the law. *Id.* The harmless error standard applies to

6

erroneous evidentiary rulings. *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005). An error is harmless unless it had a substantial influence on the case's outcome or leaves a grave doubt as to whether the error affected the outcome. *Id.* When the erroneously admitted evidence was not integral to the government's case, it was likely harmless. *See id.* Likewise, an error may be harmless when abundant evidence supports the government's case. *See United States v. Sanders*, 668 F.3d 1298, 1315 (11th Cir. 2012).

Where a defendant fails to preserve an evidentiary ruling by contemporaneously objecting, we review for plain error. *United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007). "[P]roof of a plain error involves not only a showing of harm, but also proof that the error was so conspicuous that the judge and prosecutor were derelict in countenancing it." *Id.* (quotation marks omitted). Thus, an error that is not harmless is not necessarily a plain error. *Id.* at 1276. We may only correct an error on plain error review if: (1) it was an error; (2) it was plain; (3) it affected the defendant's substantial rights; and (4) it affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Charles*, 722 F.3d 1319, 1322 (11th Cir. 2013). An error is plain if it is contrary to the applicable statute, rule, or on-point precedent. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003). Accordingly, an error cannot be plain where there is no precedent from us or the Supreme Court that directly

resolves the issue in the defendant's favor.  *United States v. Lange*, 862 F.3d 1290, 1296 (11th Cir. 2017).

Hearsay is a statement that a declarant does not make while testifying at the current trial and is offered as evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c).  Hearsay is typically inadmissible at trial, subject to exceptions.  Fed. R. Evid. 802.  One such exception permits the district court to admit a statement against interest, pursuant to Rule 804(b)(3).  *United States v. Westry*, 524 F.3d 1198, 1214 (11th Cir. 2008).  In order to be admissible under Rule 804: (1) the declarant must be unavailable; (2) the statement "tends to subject the declarant to criminal liability that a reasonable person in his position would not have made the statement unless he believed it to be true; and (3) the statement is corroborated by circumstances clearly indicating its trustworthiness."  *Id.* (quotation marks omitted).

"Rule 804(b)(3) is founded on the commonsense notion that reasonable people, even reasonable people who are not especially honest, tend not to make self-inculpatory statements unless they believe them to be true."  *United States v. US Infrastructure, Inc.*, 576 F.3d 1195, 1208 (11th Cir. 2009) (quotation marks omitted).  "Whether the declarant's statement is against the declarant's penal interest can only be answered in light of all the surrounding circumstances."  *Id.* (quotation marks omitted).

In evaluating the trustworthiness of evidence under Rule 804, "the credibility of the witness who relates the statement is not a proper factor for the court to consider in assessing corroborating circumstances." Fed. R. Evid. 804 advisory committee's note to 2010 amendments. Accordingly, the court should not base its admission or exclusion of a hearsay statement on the witness's credibility, as doing so "would usurp the jury's role of determining the credibility of testifying witnesses." *Id.*

Under Rule 807, a hearsay statement is admissible, even if the statement is not covered by a specific exception, if: (1) the statement has circumstantial evidence that indicates trustworthiness; (2) the statement is offered as evidence of a material fact; (3) the fact "is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts"; and (4) its admission will serve the best purposes of the Federal Rules of Evidence and the interests of justice. Fed. R. Evid. 807(a).

The district court did not abuse its discretion in excluding exculpatory hearsay testimony from Germain's deceased father because the evidence was not trustworthy. The statement was not against Michel's penal interest because a reasonable person in his situation may have made the same statement, even if it were not true, because he wished to protect his son from criminal liability. The statements were also not trustworthy. Two of the witnesses who testified at the

9

hearing, Louis and Jefferson, both wrote affidavits that indicated that Germain had no knowledge of Michel' s agreements or dealings with Whittle. Yet, at the pre-trial hearing, neither of them had knowledge of Whittle, indicating that their recollection of Michel's statements could have been fabricated or was otherwise not trustworthy. Moreover, all three family witnesses offered only a vague understanding of what precisely Michel was taking responsibility for. Thus, their statements were not well corroborated with specific facts about who truly was responsible for all the charged offenses or who actually operated Easy Labor.

### B. Handwriting Identification

A lay witness's opinion testimony may be admitted if it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge" that would qualify the witness as an expert. *See* Fed. R. Evid. 701. We have indicated that "the opinion of a lay witness on a matter is admissible only if it is based on first-hand knowledge or observation." *United States v. Marshall*, 173 F.3d 1312, 1315 (11th Cir. 1999). Thus, "Rule 701 does not prohibit lay witnesses from testifying based on particularized knowledge gained from their own personal experiences." *United States v. Hill*, 643 F.3d 807, 841 (11th Cir. 2011).

10

Rule 901 provides that, when authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it to be. Fed. R. Evid. 901(a). When a non-expert identifies handwriting, his opinion that the handwriting is genuine "based on a familiarity with it that was not acquired for the current litigation" is permissible. Fed. R. Evid. 901(b)(2). We have previously held that the district court did not err when it allowed two witnesses to testify that they were familiar with the defendant's handwriting and that, in their opinion, it matched or was similar to the handwriting on the checks presented as evidence. *See United States v. Barker*, 735 F.2d 1280, 1283-84 (11th Cir. 1984).

Any error in allowing lay witnesses to identify Germain's signature was harmless because the three witnesses could have testified that, instead of Germain's signature, it was his name at the bottom of each application, which would have created the same inference that he was responsible for filing all of the paperwork.

C. Jury Instructions

We review jury instructions that are challenged for the first time on appeal for plain error. *United States v. Felts*, 579 F.3d 1341, 1343 (11th Cir. 2009). The district court has broad discretion in formulating a jury instruction so long as the

11

instruction as a whole is a correct statement of the law. *United States v. Richardson*, 233 F.3d 1285, 1292 (11th Cir. 2000). Thus, we will not reverse a conviction unless it finds that issues of law were presented inaccurately or the instructions improperly guided the jury in such a substantial way as to violate due process. *Id.* Under plain error review, "[f]ailure to instruct the jury on an essential element of the offense charged does not constitute reversible error if the failure to instruct is harmless." *United States v. Gutierrez*, 745 F.3d 463, 471 (11th Cir. 2014). "The failure to instruct a jury on an essential element of an offense is harmless when it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *Id.* (quotation marks omitted).

We have held that "where a statute defines two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count" and proof of any one of those acts charged conjunctively could support a conviction. *Felts*, 579 F.3d at 1344 (quotation marks omitted).

The court's failure to instruction the jury on an essential element of the offense was not plainly erroneous because the government presented sufficient evidence to convict Germain even without the addition of the presentation instruction as an alternative means of conviction. Thus, Germain cannot demonstrate cumulative error.

**AFFIRMED.**

12