[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 22-12789

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DERRIUS DONAE GRIFFIN,
a.k.a. Pie,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:21-cr-00157-KD-MU-1

_____

Before ROSENBAUM, JILL PRYOR, and TJOFLAT, Circuit Judges.

PER CURIAM:

Derrius Donae Griffin appeals his total 100-month sentence for two counts of forcibly resisting arrest with a deadly weapon—a vehicle.  On appeal, he argues that his total sentence was procedurally unreasonable because the District Court applied U.S.S.G. § 2A2.2 to determine his base offense level, even though he did not commit aggravated assault and maintained throughout the District Court proceedings that he did not commit an assault.

We normally review a district court's interpretation of the Sentencing Guidelines *de novo* and accept its factual findings unless they are clearly erroneous.  *United States v. Barner*, 572 F.3d 1239, 1247 (11th Cir. 2009).  But we review arguments not raised before the district court for plain error.  *See United States v. McNair*, 605 F.3d 1152, 1222 (11th Cir. 2010).

Plain error occurs where: (1) there is an error; (2) that is plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *United States v. Presendieu*, 880 F.3d 1228, 1237–38 (11th Cir. 2018).  On plain-error review, we may review the whole record when considering the effect of any error on the defendant's substantial rights.  *See id.* at 1239–40.

To satisfy the plain error rule, an asserted error must be clear from the plain meaning of a statute or constitutional provision, or

from a holding of this Court or the Supreme Court. *United States v. Morales*, 987 F.3d 966, 976 (11th Cir.), *cert. denied*, 142 S. Ct. 500 (2021). An error is plain if it is clearly contrary to settled law at the time of sentencing or at the time of appellate consideration. *United States v. Shelton*, 400 F.3d 1325, 1331 (11th Cir. 2005).

A plain error affected a defendant's substantial rights if it was prejudicial, meaning the error "actually made a difference" in the defendant's sentence. *Shelton*, 400 F.3d at 1332 (quotation marks omitted). If the appellate court would have to speculate that the result would have been different, the defendant has not met the burden to show that his substantial rights have been affected. *United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir. 2005).

"To be upheld on appeal, a sentence must be . . . procedurally . . . reasonable." *United States v. Green*, 981 F.3d 945, 953 (11th Cir. 2020) (quoting *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010)). In this respect, this Court must ensure that the District Court committed no significant procedural error, such as failing to calculate (or improperly calculating) the guideline range. *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016) (per curiam). We normally review the procedural reasonableness of a sentence for abuse of discretion. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011). Nevertheless, we will review a procedural error argument not raised before the district court for plain error. *McNair*, 605 F.3d at 1222.

Enhanced penalties apply for forcible assaults against federal officers involving either the use of a deadly or dangerous weapon

or the infliction of bodily injury.  *See* 18 U.S.C. § 111; *see also United States v. Gutierrez*, 745 F.3d 463, 467 (11th Cir. 2014).  We have concluded that § 111 is a general intent statute, requiring only the intent to commit the underlying act.  *See United States v. Ettinger*, 344 F.3d 1149, 1153–60, 1161 (11th Cir. 2003).

Section 2A2.2 of the Sentencing Guidelines applies when a defendant has committed an aggravated assault, and it establishes a base offense level of 14.  U.S.S.G. § 2A2.2(a). The commentary defines an "aggravated assault" to mean "a felonious assault that involved (A) a dangerous weapon *with intent* to cause bodily injury (*i.e.*, not merely to frighten) with that weapon; (B) serious bodily injury; (C) strangling, suffocating, or attempting to strangle or suffocate; or (D) *an intent* to commit another felony." *Id*. at § 2A2.2 cmt. 1 (emphases added).  Alternatively, the Guideline provision that addresses obstructing or impeding officers also makes clear that "[i]f the conduct constituted aggravated assault, apply § 2A2.2 (Aggravated Assault)." *Id*. at § 2A2.4(c)(1).

In *United States v. Park*, 988 F.2d 107 (11th Cir. 1993), we upheld application of § 2A2.2 in a situation where a defendant with a metal pipe had swung it like a bat and threatened to "bash" individuals' heads in if they did not comply with his demand. *Id*. at 109. Although he testified at sentencing that he did not intend to harm the individuals, the district court disagreed and applied § 2A2.2. *Id*. He appealed the district court's application of § 2A2.2, but we affirmed. *Id*. at 110.

We have not addressed in a published opinion whether § 2A2.2 requires proof of specific intent.

As an initial matter, while Griffin objected to the calculation of the guideline range before the District Court, and he argued that he did not commit aggravated assault, he did not object to or raise a procedural reasonableness argument based on the application of § 2A2.2. The District Court even clarified—without objection—that the base offense level was not in dispute.[1] Further, at the close of the sentencing hearing the District Court asked if the defense had any further objections. Griffin's attorney replied that she just wished to restate the objections previously made. The Court clarified that this objection referred to the six-level enhancement for assault of a law enforcement officer during the course of the offense or immediate flight therefrom, and Griffin's attorney agreed. At no point in the sentencing memorandum or at the sentencing hearing did Griffin object to the use of § 2A2.2 to establish the base offense level. The only objection the District Court would have had notice of would have been the objection to the six-level

---

[1] The District Court said "[W]e have the base offense, the vehicle, the dangerous weapon. That's not in dispute. Then we have if the victim sustained bodily injury. Then you add three levels. You dispute that. And then if the defendant was convicted under [18 U.S.C. § ]111(b), you add two levels. And [§] 111(b) is because they are an officer, right? [Section] 111(b) is because they are a federal officer?" Griffin's counsel responded: "Yes, Your Honor." If Griffin's argument was that § 2A2.2 was not the appropriate base offense, counsel should have corrected the District Court at that moment.

enhancement. Therefore, we review Griffin's arguments for plain error. *McNair*, 605 F.3d at 1222.

We conclude that Griffin's challenge is meritless. First, we are not convinced that the District Court erred in applying § 2A2.2 based on the record before us, which showed that Griffin put law enforcement officers in danger by intentionally driving the motor vehicle at and near them in order to escape. Second, even if we assume *arguendo* that there was error, Griffin does not cite, and research does not reveal, any published case holding that § 2A2.2 requires a district court to find specific intent to cause bodily injury or finding the application of § 2A2.2 incorrect under similar circumstances. Therefore, even if the District Court did err by applying § 2A2.2 instead of § 2A2.4, the error was not plain. *Shelton*, 400 F.3d at 1331.

In light of the foregoing, we conclude it is unnecessary to address the remaining prongs of the plain error analysis. We conclude that the District Court did not plainly err when it used § 2A2.2 to calculate the guidelines, so Griffin's total sentence was not rendered procedurally unreasonable. Thus, we affirm.

**AFFIRMED.**