[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11802
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-20080-UU-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEATON KHAMBRELL AKEEM GIBBS-KING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 31, 2020)

Before MARTIN, ROSENBAUM and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Keaton Gibbs-King ("Gibbs-King") appeals his convictions for

three counts of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2

(Counts 1, 4, and 12), one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 3), three counts of using, carrying, and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Counts 2, 5, and 13), and one count of possessing 15 or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3) (Count 14).  First, Gibbs-King argues that Hobbs Act robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A)'s elements clause after the Supreme Court's holding in *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019), that § 924(c)(3)(B)'s residual clause is unconstitutionally vague.  *Id.* at ___, 139 S. Ct. at 2323–24.  Second, he contends that the district court erred in instructing the jury that Hobbs Act robbery of a marijuana dealer affects interstate commerce as a matter of law.  Third, he argues that there was insufficient evidence for a reasonable jury to have found him guilty of brandishing a firearm because he did not have advance knowledge that a codefendant would use or carry a firearm in the commission of the robberies.  Lastly, he claims that the district court constructively amended the indictment by instructing the jury on "brandishing" a firearm distinct from "using or carrying" and by failing to repeat the government's burden of proof.  After reviewing the record and reading the parties' briefs, we affirm the convictions.

2

I.

For the first time on appeal, Gibbs-King challenges the validity of his convictions for using, carrying, and brandishing a firearm during and in relation to a crime of violence, specifically arguing that Hobbs Act robbery is not a crime of violence in light of the Supreme Court's *Davis* decision. He expounds by asserting that Hobbs Act robbery is not a crime of violence under the elements clause of § 924(c)(3)(A) because it does not categorically require the use, attempted use, or threatened use of physical force and depends on a case-by-case factual evaluation. We review *de novo* whether a crime is a crime of violence under 18 U.S.C. § 924(c). *United States v. St. Hubert*, 909 F.3d 335, 345-46 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1394 (2019), *and abrogated in part on other grounds by Davis*, ___ U.S. at ___, 139 S. Ct. at 2323-25, 2336. Furthermore, an appellant abandons an argument by failing to raise the issue plainly and prominently on appeal. *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003). We need not consider arguments raised for the first time in a reply brief. *United States v. Whitesell*, 314 F.3d 1251, 1256 (11th Cir. 2002).

In June 2019, the Supreme Court in *Davis* resolved a circuit split and held that the residual clause in § 924(c)(3)(B)'s definition of a "crime of violence" is unconstitutionally vague. *Davis*, 139 S. Ct. at 2324-25, 2336. However, the Supreme Court left intact the elements clause in § 924(c)(3)(A), which provides

3

that a felony offense is a "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A); *see Steiner v. United States*, 940 F.3d 1282, 1293 (11th Cir. 2019).

We have held that Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause. *In re Saint Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016). We reaffirmed our holding that Hobbs Act robbery independently qualifies as a crime of violence under the elements clause, assuming § 924(c)(3)(B) was unconstitutional. *St. Hubert*, 909 F.3d at 345. After *Davis*, we again recognized that Hobbs Act robbery constitutes a crime of violence while distinguishing the substantive act from conspiracy to commit Hobbs Act robbery. *Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019). We have also decided that aiding and abetting Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A). *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016).

We agree with the district court and conclude that the invalidation of the residual clause in 18 U.S.C. § 924(c)(3)(B) did not impact the qualification of Hobbs Act robbery as a crime of violence. We reaffirmed this in cases decided before and after *Davis. See Brown*, 942 F.3d at 1075; *St. Hubert*, 909 F.3d at 345. Under the prior panel precedent rule, we are bound to follow a prior decision unless and until it is overruled by this court sitting *en banc* or by the Supreme

4

Court.  *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008)

(quotation omitted).  Thus, we conclude that Gibbs-King's argument that Hobbs

Act robbery does not qualify as a crime of violence under 18 U.S.C. §

924(c)(3)(A)'s elements clause after *Davis* is foreclosed by precedent.

Accordingly, we affirm his firearms convictions.[1]

## II.

Gibbs-King contends that the district court erroneously instructed the jury

that robbery of a marijuana dealer satisfies the Hobbs Act's interstate-commerce

nexus as a matter of law.  The count in the indictment charged Gibbs-King with

Hobbs Act robbery in connection with a home invasion robbery, in which Gibbs-

King and a confederate stole money and marijuana from a victim whom Gibbs-

King knew to be a drug dealer.  The district court's proposed instruction stated that

"[a]s a matter of law, the marijuana market and proceeds from the marijuana

market affect interstate commerce."  (R. DE: 158 at 464.)  Gibbs-King objected to

the instruction, and the district court overruled his objection.  We review legal

---

[1] We note that Gibbs-King abandoned his argument regarding whether the jury verdict, judgment, and sentencing transcript did not sufficiently denote the predicate offense for each brandishing conviction by briefly mentioning the argument and not supporting his contention with meritorious support. *See Jernigan*, 341 F.3d at 1283 n.8.  Also, Gibbs-King waived his argument, raised for the first time in reply, regarding whether the jury was improperly instructed that it could apply a single brandishing violation relating to his Hobbs Act robbery counts to support all three brandishing convictions. *See Whitesell*, 314 F.3d at 1256.

5

challenges to jury instructions *de novo*. *United States v. Felts*, 579 F.3d 1341, 1342 (11th Cir. 2009).

A conviction under the Hobbs Act requires a showing that the defendant committed a robbery that in any way or degree affected commerce or the movement of any article or commodity in commerce. 18 U.S.C. § 1951(a). Consequently, the government must establish a minimal effect on interstate commerce to support a Hobbs Act violation. *See United States v. Verbitskaya*, 406 F.3d 1324, 1331 (11th Cir. 2005).

In *Taylor v. United States*, the Supreme Court held that, for Hobbs Act robbery, the government need not show that the stolen drugs either traveled or were destined for transport across state lines. *Taylor*, ___ U.S. ___, ___, 136 S. Ct. 2074, 2081 (2016). Instead, the Supreme Court determined that the government must only show that the defendant knowingly stole drugs or drug proceeds because, as a matter of law, the market for illegal drugs is commerce over which the United States has jurisdiction. *Id.* Further, the Supreme Court noted that the government does not need to prove that the stolen drugs originated or were destined for sale out of state. *Id.* at 2080. The Supreme Court limited its holding to "cases in which the defendant targets drug dealers for the purpose of stealing drugs or drug proceeds." *Id.* at 2082.

6

We conclude that the district court did not err in instructing the jury that Hobbs Act robbery of a marijuana dealer affects interstate commerce as a matter of law because the Supreme Court so held in *Taylor*.  Moreover, the facts show that Gibbs-King knowingly and purposefully stole drugs from a known drug dealer.  Thus, the district court correctly instructed the jury on the scope of the interstate nexus requirement for a conviction under the Hobbs Act.

### III.

Gibbs-King claims that insufficient evidence supports his convictions for using, carrying, and brandishing a firearm in furtherance of the robberies charged in Counts 5 and 13 because he purportedly lacked knowledge that his cohorts were armed or planned to use guns in the robberies.  When a defendant has challenged the sufficiency of the evidence by an appropriate motion for judgment of acquittal, we review *de novo* whether there was sufficient evidence to support a conviction. *United States v. Martin*, 803 F.3d 581, 587 (11th Cir. 2015).  However, when the defendant does not move for a judgment of acquittal on the specific ground he raises on appeal, we review the claim for plain error.  *See United States v. Joseph*, 709 F.3d 1082, 1093 (11th Cir. 2013).

Under plain-error review, there must be (1) an error (2) that is plain and (3) that has affected the defendant's substantial rights.  *United States v. Madden*, 733 F.3d 1314, 1320 (11th Cir. 2013).  If the first three prongs are met, then we

may exercise our discretion to correct the error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* (quotation omitted).

In reviewing the sufficiency of the evidence, we view the record in the light most favorable to the government, resolving all reasonable inferences in favor of the verdict. *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009). The evidence is sufficient if a reasonable trier of fact could find that the evidence established the defendant's guilt beyond a reasonable doubt. *Id.* at 1284-85. Accordingly, it is not enough for a defendant to put forth a reasonable hypothesis of innocence, as the issue is not whether a jury reasonably could have acquitted, but whether it reasonably could have found the defendant guilty. *Id.* at 1285. This test for sufficiency is the same, regardless of whether the evidence is direct or circumstantial, but where the government relied on circumstantial evidence, reasonable inferences must support the conviction. *Martin*, 803 F.3d at 587.

To support a conviction under 18 U.S.C. § 924(c)(1)(A), the government must show that the defendant (1) knowingly (2) possessed a firearm (3) during and in relation to a crime of violence. *United States v. Isnadin*, 742 F.3d 1278, 1307 (11th Cir. 2014). Possession may be actual or constructive, and a defendant may be liable for a codefendant's possession if it was reasonably foreseeable. *Id.*

8

To prove aiding and abetting under 18 U.S.C. § 2, the government must prove that: (1) someone committed the substantive offense; (2) the defendant committed an act that contributed to and furthered the offense; and (3) "the defendant intended to aid in its commission." *United States v. Camacho*, 233 F.3d 1308, 1317 (11th Cir. 2000). Someone who aids and abets or willfully causes the commission of an offense is punishable as a principal. 18 U.S.C. § 2.

As to aiding and abetting a § 924(c) offense, a defendant has the requisite intent where he actively participated in the violent crime with advance knowledge that a codefendant would use or carry a firearm while committing the crime. *Rosemond v. United States*, 572 U.S. 65, 67, 77, 134 S. Ct. 1240, 1243, 1248–49 (2014). Such advance knowledge must be present when the defendant can do something with it, most notably, opting to walk away. *Id.* at 78, 134 S. Ct. at 1249. The factfinder can draw inferences about the defendant's intent; for example, if the defendant continues to participate in the crime after a gun is displayed or used, the jury can infer he had advance knowledge from his failure to object or withdraw. *Id.* at 78 n.9, 134 S. Ct. at 1249 n.9.

At the close of the government's case, Gibbs-King moved for a judgment of acquittal arguing, in relevant part, that the brandishing count predicated on the Hobbs Act robbery of the 7-Eleven failed because he was unaware that his confederates had a gun. (R. DE: 158 at 437.) Defense counsel, conceding that

9

Gibbs-King stated the opposite to the police during his interview, moved to eliminate this brandishing count.  The district court denied the motion.   Gibbs-King never sought a judgment of acquittal with respect to the § 924(c) count predicated on the Metro PCS robbery on the same basis he now raises on appeal.  Thus, we review the claim for plain error only.

The record demonstrates that Gibbs-King had advance knowledge that his cohorts would use or brandish guns during both the Metro PCS and 7-Eleven robberies.  He admitted this knowledge to the police in his post-arrest interview.  His cohort likewise testified at trial that Gibbs-King sat in the front passenger seat while he and another confederate discussed using a gun to commit the robberies.  This trial testimony corroborated the substance of Gibbs-King's admission to the police.  Therefore, we conclude that because Gibbs-King continued to participate in the robberies after seeing and knowing his confederates planned to use a gun in committing the robberies, he aided and abetted the § 924(c) offenses charged in Counts 5 and 13.  The government presented sufficient evidence for a reasonable jury to convict Gibbs-King of brandishing a firearm because he acted as the getaway driver with advance knowledge that his codefendant possessed a gun.  Accordingly, we affirm the convictions on Counts 5 and 13.

IV.

Gibbs-King contends that the district court constructively amended the superseding indictment by eliminating from the jury instructions the requirement that the government prove beyond a reasonable doubt that he brandished a firearm in order to convict him on Counts 2, 5, and 13.  We review *de novo* whether jury instructions constructively amended the indictment.  *United States v. Gutierrez*, 745 F.3d 463, 473 (11th Cir. 2014).

Where a defendant did not object to his jury instructions at trial, we review for plain error.  *United States v. Whyte*, 928 F.3d 1317, 1331 (11th Cir. 2019), *cert. denied*, ___ U.S. ___, ___ S. Ct. ___ (U.S. Jan. 13, 2020) (No. 19-6784). Similarly, when a defendant fails to object that the jury instructions constructively amended the indictment, we also review for plain error.  *Madden*, 733 F.3d at 1322-23.  Employing plain error review, we will reverse a conviction only where the error is so fundamental as to result in a miscarriage of justice.  *Gutierrez*, 745 F.3d at 471.  For a jury instruction to constitute plain error it must be probably responsible for an incorrect verdict, leading to substantial injustice.  *Whyte*, 928 F.3d at 1332.

It is a cardinal rule of appellate review that a defendant may not challenge a ruling or other trial proceeding that he invited.  *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006).  Invited error is implicated when a party induces or

11

invites the district court into making an error. *Id.* (quotation omitted). When a party responds to a court's proposed jury instructions with "the instruction is acceptable to us," such a response constitutes invited error. *United States v. Silvestri*, 409 F.3d 1311, 1337 (11th Cir. 2005). Such a response waives a party's right to challenge the accepted instruction on appeal. *Id.* Moreover, merely failing to object does not trigger the doctrine of invited error. *United States v. Dortch*, 696 F.3d 1104, 1112 (11th Cir. 2012). Rather, the doctrine of invited error applies when a defendant affirmatively requests or stipulates to a specific jury instruction. *See United States v. Frank*, 599 F.3d 1221, 1240 (11th Cir. 2010).

The district court has broad discretion in formulating a jury instruction so long as it accurately reflects the law and facts. *United States v. Martinez*, 486 F.3d 1239, 1244 n.2 (11th Cir. 2007). When the jury instructions, taken together, accurately express the law without confusing or prejudicing the jury, "there is no reason for reversal even though isolated clauses may, in fact, be confusing, technically imperfect, or otherwise subject to criticism." *United States v. Gibson*, 708 F.3d 1256, 1275 (11th Cir. 2013) (quoting *United States v. Beasley*, 72 F.3d 1518, 1525 (11th Cir. 1996)). Consequently, we will not reverse a conviction unless the issues of law were presented inaccurately, or the charge improperly guided the jury in such a substantial way as to violate due process. *Martinez*, 486 F.3d at 1244 n.2 (quotation omitted).

The Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. CONST. AMEND. V.  A court "cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Madden*, 733 F.3d at 1318 (quoting *Stirone v. United States*, 361 U.S. 212, 217, 80 S. Ct. 270, 273 (1960)).  These principles prohibit the constructive amendment of an indictment by way of a district court's instructions to a jury.  *Id.*  A constructive amendment to an indictment occurs when the essential elements of the offense in the indictment are "altered to broaden the possible bases for conviction beyond what is contained in the indictment." *Id.* (quoting *United States v. Keller*, 916 F.2d 628, 634 (11th Cir. 1990)).  However, for a constructive amendment to constitute plain error, the amendment must have affected the outcome of the district court proceedings.  *See id.* at 1322-23.

We conclude from the record that Gibbs-King invited any error regarding his argument that the district court's instructions constructively amended the indictment by proposing identical instructions and affirmatively agreeing to the court's final instructions.  (R. DE: 158 at 443–44, 450–51.)  Even assuming his explicit acceptance of the brandishing instruction did not operate to waive his claim, the district court did not constructively amend the indictment.  The district court's instructions put the jury on notice that it needed to find brandishing, like

13

every other element of the charges against Gibbs-King, beyond a reasonable doubt. Furthermore, the district court's jury instruction mirrored the language of this court's pattern jury instruction on brandishing, which does not again refer separately to the beyond a reasonable doubt standard. Because we conclude that the district court did not plainly err regarding its brandishing instructions, we affirm Gibbs-King's convictions on Counts 2, 5, and 13.

Because we find no merit to any of the arguments Gibbs-King presents in this appeal, we affirm his convictions.

**AFFIRMED.**

14